IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shaheen Cabbagestalk, #295567, | ) | C/A No.   5:14-cv-03771-RMG-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden J. McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

      Petitioner is a state prisoner who filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on Petitioner's Motion for Default filed on December 3, 2014. ECF No. 19. This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the District Judge.

      In his Motion, Petitioner maintains that Respondent is in default for failing to timely file a Return. ECF No. 19. Additionally, Petitioner asserts "summary judgment" due to Respondent failing to timely address this federal habeas corpus Petition. *Id.* In Response to Petitioner's Motion, Respondent maintains that he has "not failed to timely respond to Petitioner's [P]etition for federal habeas corpus relief" because he timely filed and was granted requests for extensions. ECF No. 38. Alternatively, Respondent maintains that Rule 55(a) has no application in habeas corpus cases and therefore, even he was untimely, Petitioner would not be entitled to a default judgment. *Id.* at 2.

      Here, Respondent acknowledges receipt of service on October 7, 2014. ECF No. 9. Therefore, Respondent's Return was due on December 1, 2014. *See* ECF No. 6 (where the court

instructs Respondent to file an answer or other response to the Petition as soon as reasonably possible but no later than fifty (50) days from the date of service). Respondent requested a thirty-day extension of time to file his return. ECF No. 14. The court granted Respondent's Motion, making the new response date December 31, 2014. ECF No. 16. On December 31, 2014, Respondent requested a second extension of time to file a Return or otherwise plead, ECF No. 40, which the court granted. ECF No. 41. The current deadline for Respondent to file or otherwise plead is now January 30, 2015. *See id.*

After reviewing the filings, the undersigned finds that Respondent has not failed to timely respond or otherwise plead. Furthermore, courts have consistently held that an entry of default is not warranted in this context because:

> Were district courts to enter default judgments without reaching the merits of [habeas] claim, it would not be the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them.

*Garland v. Warden*, No. 4:08-1668-JFA-TER, 2008 WL 4834597, at *2-3 (D.S.C. Nov. 4, 2008) (citing *United States v. Dill,* 555 F. Supp. 2d 514, 521 (citing *Bermudez v. Reid,* 733 F.2d 18, 21 (2d Cir. 1984)); *Worrell v. U.S. Parole Commission,* 2008 WL 4137680 (N.D.W.Va.). Accordingly, it is recommended that Plaintiff's Motion for Default, ECF No. 19, be denied.

IT IS SO RECOMMENDED.

January 15, 2015                                     Kaymani D. West
Florence, South Carolina                      United States Magistrate Judge