IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk, ) | |
| ) | |
| Petitioner, ) | No. 5:14-03771-RMG |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden J. McFadden, ) | |
| ) | |
| Respondent. ) | |

For the reasons set forth below, the Court agrees and adopts the Report and Recommendation ("R&R") of the Magistrate Judge, (Dkt. No. 53), as the order of the Court and denies Petitioner's motion for Default Judgment, (Dkt. No. 19).

## Background

Petitioner Shaheen Cabbagestalk, an inmate at Lieber Correctional Institute in Ridgeville, South Carolina, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Petitioner is currently serving an eighteen-year sentence for armed robbery and filed this petition claiming he was illegally convicted and never indicted because the sentencing sheet names James, not Shaheen, Cabbagestalk. (*Id.*).

A response to the Petition was initially due on December 1, 2014. However, the Magistrate Judge has granted three motions for extension of time, making Respondent's Return due on February 13, 2015.[1] (Dkt. Nos. 16, 41, 61). Petitioner filed a motion for default judgment claiming Respondent failed to file a timely response to the Petition because a response was not filed before December 1, 2014. (Dkt. No. 19). The Magistrate Judge recommends denying Petitioner's motion because the Return is not yet late and because a default judgment is

---

[1] At the time the R & R was issued, two motions for extension had been granted and the deadline under the second extension, January 30, 2015, had not yet passed.

1

not a proper form of relief in a habeas action. (Dkt. No. 53). Petitioner filed timely objections to the R & R. (Dkt. No. 58).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is required to make a *de novo* determination of those portions of the R & R to which a specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## Discussion

In reviewing the record, this Court agrees with the recommendation of the Magistrate Judge and finds that Respondent did not fail to meet any filing deadlines imposed by the Court. Because the Court granted Respondent's motions for extension, its response to the Petition is not yet due.

However, even if the party against whom relief is sought fails to respond, a default judgment is not appropriate in habeas actions. *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (holding that "[t]he failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment"); *see also Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984) ("were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) (noting that "a default judgment is not contemplated in habeas corpus cases"); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) (holding "Rule 55(a) has no application in habeas corpus cases").

Therefore, even if the Respondent had missed filing deadlines, Petitioner is not entitled to default judgment. Thus, Petitioner's motion for default judgment is denied.

## Conclusion

After review of the record, the R & R, Petitioner's objections and the applicable law, this Court finds that the R & R accurately portrays the applicable legal and factual issues in this motion. Therefore, the Court **ADOPTS** the R & R as the Order of this Court. (Dkt. No. 53). Accordingly, Petitioner's motion for default judgment, (Dkt. No. 19), is **DENIED**.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

_____
The Honorable Richard Mark Gergel
United States District Court Judge

February 10, 2015
Charleston, South Carolina

3