UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shaheen Cabbagestalk, ) | C/A No. | 5:14-cv-03771-RMG-KDW |
| ) | | |
| Petitioner, ) | | |
| vs. ) | | |
| ) | | |
| Warden J. McFadden, ) | ORDER | |
| ) | | |
| Respondent. ) | | |
| ) | | |
| ) | | |
| ) | | |

This matter is before the court on Petitioner's Motion to Amend, ECF No. 55, and three Motions for Recusal filed on January 12, 2015, February 23, 2015, and March 4, 2015. ECF Nos. 50, 79, 83. Respondent has filed a Response to Petitioner's Motion to Amend, ECF No. 73. The undersigned will address each of these motions in turn.

### **Motion to Amend**

Docketed as a motion to amend, Petitioner's motion is captioned: "Motion to Amend Motion to Produce an[d] Enforce Summary Judgment to be Granted/Martinez v. Ryan." ECF No. 55. In his motion Petitioner does not seek to amend his Petition, instead he requests that Respondent produce various items to establish the State has jurisdiction in this matter including a "1099 OID tax form" and any contract he entered that gives the State "commercial venue jurisdiction over [him] as a sovereign." *Id.* Petitioner further asserts that he "deserve[s] summary judgment [due] to the fact [he] was charged under one jurisdiction and forced to defend under another." *Id.*

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2254 Cases requires a habeas petitioner to show good cause before he is afforded an opportunity for discovery. Good cause is shown if the petitioner makes a specific allegation that shows reason to believe that the petitioner may be able to demonstrate that he is entitled to relief. *Harris v. Nelson,* 394 U.S. 286, 300 (1969); *Quesinberry v. Taylor*, 162 F.3d 273, 279 (4th Cir. 1998). Here, Petitioner has failed to demonstrate he is entitled to discovery or that he is entitled to summary judgment. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (finding that the movant bears the initial burden of demonstrating that summary judgment is appropriate). Accordingly, Petitioner's Motion, ECF No. 55, is denied.

## Motions for Recusal

In his first Motion for Recusal of Judge, ECF No. 50, Petitioner contends that the undersigned has shown favoritism to Respondent and is not being fair and impartial. In his Motion, Petitioner references Respondent's Motion for an Extension of Time to file a Return, ECF No. 40, which the undersigned granted. *See* ECF No. 50-1. In his extension request, filed December 31, 2014, Respondent moved for a thirty-day extension of time to file his Return "up to and including January 30, 2014." ECF No. 40. Petitioner maintains that the undersigned showed favoritism toward Respondent by allowing Respondent until January 30, *2015* to file his Return because Respondent stated January 30, *2014* in his Motion. ECF No. 50 at 1. Petitioner maintains he was prejudiced by the undersigned's granting Respondent's Motion for an extension because he remains falsely imprisoned and the extension until January 30, 2015 demonstrates the judge's favoritism toward Respondent. *Id.*

In his second Motion for Recusal, ECF No. 79, Petitioner maintains that he has filed complaints against the undersigned and District Judge Richard M. Gergel. Therefore, Petitioner maintains that it is a conflict of interest for the undersigned and Judge Gergel to remain on his case, and they should recuse themselves immediately. *Id.* In his third Motion, ECF No. 83, Petitioner "ask[s] both of these judges to recuse themselves off [his] case [due] to the fact it's a (conflict of interest). . . ." Petitioner then references the complaint he lodged against the judges.[1] *Id.*

A judge should recuse him or herself if the judge's "impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). In addition, a judge must disqualify him or herself "[w]here he has a personal bias ... concerning a party...." *Id.* § 455(b)(1). The Fourth Circuit has ruled that "a presiding judge is not required to recuse [him or herself] because of 'unsupported, irrational or highly tenuous speculation.' " *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). The test to be applied is "whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Id.*

The undersigned has reviewed Plaintiff's allegations supporting his Motion for Recusal and finds them to be meritless. In his extension request, filed January 12, 2015, Respondent moved for a thirty-day extension of time to file his Return "up to and including January 30, 2014." ECF No. 50-1. Believing it was a clerical error that Respondent used 2014 rather than 2015, and given that Respondent specifically requested a thirty-day extension of time, the undersigned granted Respondent's Motion, and instructed Respondent to file his Return on or before January 30, 2015. ECF No. 41. Petitioner appears to be under the impression that the

---

[1] On March 6, 2015, the Fourth Circuit Court of Appeals issued an Order dismissing Petitioner's complaints against the undersigned and Judge Gergel.

result of Respondent filing an untimely Return would be entry of default. To the extent Petitioner maintains this belief, he is misguided. As mentioned in a previous order, courts have consistently held that an entry of default is not warranted in this context because:

> Were district courts to enter default judgments without reaching the merits of [habeas] claim, it would not be the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them.

*Garland v. Warden*, No. 4:08-1668-JFA-TER, 2008 WL 4834597, at *2-3 (D.S.C. Nov. 4, 2008) (citing *United States v. Dill,* 555 F. Supp. 2d 514, 521 (citing *Bermudez v. Reid,* 733 F.2d 18, 21 (2d Cir. 1984)); *Worrell v. U.S. Parole Commission,* 2008 WL 4137680 (N.D.W.Va.). Moreover, in most circumstances, the undersigned grants motions for reasonable extensions to both sides upon request.

The court has reviewed Plaintiff's allegations supporting his motion to disqualify and finds them to be meritless. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008). Accordingly, Plaintiff's Motions for Recusal of Judges, ECF Nos. 50, 79, 83, are denied.

IT IS SO ORDERED.

March 16, 2015  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

4