UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shaheen Cabbagestalk, #295567, | ) | No.: 5:14-cv-03771-RMG-KDW |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Report and Recommendation |
| | ) | |
| | ) | |
| Warden J. McFadden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Shaheen Cabbagestalk ("Petitioner") is a state prisoner who filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 70, 71. On February 17, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 74. Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment on March 4, 2015. ECF No. 84. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 71, be granted.

I.        Background

Petitioner is currently incarcerated in the Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In March 2007, Petitioner was indicted by a

Dillon Grand Jury for Assault and Battery with Intent to Kill ("ABWIK") (2007-GS-17-0363), and one count of Armed Robbery (2007-GS-17-0364). App. 625-26.[1] On August 27-28, 2007, Petitioner proceeded to a jury trial before the Honorable Howard P. King. App. 19-138. Attorney Glenn Manning represented Petitioner, and Assistant Solicitors Kinard Redmond and Lee Hayes appeared on behalf of the State. *Id.* During the testimony of State's witness Officer Barfield, Petitioner passed a written note to Attorney Manning indicating that he reached a decision not to go forward and wanted to plead guilty. App. 109. Petitioner then pleaded guilty to the armed robbery charge, and the State dismissed the ABWIK charge. App. 113, 118. Judge King sentenced Petitioner to eighteen years imprisonment for the armed robbery conviction. App. 133.

Attorney Manning timely sought a direct appeal of the conviction and sentence on Petitioner's behalf. ECF No. 70-5. Appellate Defender Katherine H. Hudgins represented Petitioner on appeal and briefed the following issue pursuant to *Anders v. California*, 386 U.S. 738 (1967): "Did the judge err in amending the indictment by changing the name from James Cabbagestalk to Shaheen Ramel Cabbagestalk?" ECF No. 70-5. Petitioner also filed a pro se Brief and argued that police, judges and solicitor violated his 4th, 5th, 6th, 8th, and 14th Amendment rights. ECF No. 70-9. Specifically, Petitioner contended that the warrants issued did not meet Fourth Amendment requirements and maintained that nothing in the police report contained his name. *Id.* at 8. Petitioner also asserted the speedy trial motion was granted without his consent and he was compelled and coerced into going to trial. *Id.* at 9. Additionally, Petitioner argues that his trial counsel was focused on a funeral he had recently attended and not on Petitioner's trial causing him to receive ineffective assistance of trial counsel. *Id.* Petitioner

---

[1] Citations to "App." refer to the Appendix for Petitioner's trial transcript, guilty plea, and his claim for collateral relief in the state courts of South Carolina. That appendix is available at ECF Nos. 70-1, 70-2, and 70-3, and 70-4 in this habeas matter.

further argued he was never indicted and his plea was unintelligent, unknowing, and involuntary. *Id.* at 10. Petitioner maintained the trial judge erred in amending the indictment over Petitioner's objection. *Id.* at 10-11. Petitioner also appeared to have contended a plea agreement was breached based on the sentence he received. *Id.* at 12. On November 19, 2009, the South Carolina Court of Appeals dismissed Petitioner's appeal and granted Attorney Hudgin's motion to be relieved as counsel. ECF No. 70-11. On December 3, 2009, Petitioner filed a letter with the South Carolina Court of Appeals that was treated as a Petition for Rehearing. ECF No. 70-12. The South Carolina Court of Appeals denied the Petition for Rehearing on January 21, 2010. ECF No. 70-13. On February 25, 2010, the South Carolina Court of Appeals issued a Remittitur. ECF No. 70-14.

## II.    Procedural History

On March 9, 2010, Petitioner filed an Application for Post-Conviction Relief ("PCR") alleging, verbatim,

> prosecutor misconduct/judical[sic] misconduct/lack of notice of charge/Never been indicted/never been indicted by 12 legal grand jurors/illegal grand jury proceedings/South Carolina Rules of Criminal Procedure/unwanted jurors in jury room/no grand jury transcript/Miranda Warning/ Brady v. Maryland Rule 5/S.C. Code of Laws 14-7-1700, 14-4-1770, 14-7-1720/no preliminary hearing/no bond hearing by magistrate judge/no subject matter jurisdiction; no general jurisdiction/not indicted within 90 days of the warrant being issued in accordance with statute; registration books requirement violated for electing jurors/ineffective assistance of trial counsel/ineffective assistance of appellant counsel; Section 14-7-110. Jury commissioners; 22-5-320. Code of Laws of South Carolina (1976) denied a full preliminary hearing; mere presence charge denied hands of one is hands of all; 16-11-330(A) violated as to parole eligibility after (7) years Judge said I'm not 2 eligible for parole See Major v. SCDPPPS Aug. 29th 2009; erroneous judgement/Book of Registration Requirements not followed/misidentification: Constitutional Right's violated 4th, 5th, 6th, 14th, 1st, -Hand of one of all violated; violated OP.21.09 Inmate records plan policy of SCDC Invalid Commitment Order: can't accept person for bedding or house/S.C. Code Section 14-17-530(2) requires the Clerk of Court to mark each original indictment with the date it was filed violated S.C. Rules of Court/life, liberty

property/violated 72 ALR 4th 874 right to fingerprint expert[;] Rule 801
Inconsistent testimony.

App. 142-43. As facts supporting each ground set out, Plaintiff indicated: "Constitutional

common law/S.C. Rules of court and criminal procedures, Court transcript, Exhibits, facts, me

and prison I.D., witnesses, cases, S.C.D.C. policy/op-21.09 Inmate Records plan, Recent cases

overturned or dismissed do to same violations in this case that holds me falsely imprisoned." *Id.*

at 143.

On May 21, 2010, the State filed a Return and requested an evidentiary hearing. App.

170-175. An evidentiary hearing was conducted before the Honorable J. Michael Baxley on May

15, 2012. App. 217. Petitioner was present and represented by Heather M. Cannon, Esq., and

Assistant Attorney General J. Andrew Johnson represented the State. *Id.* Petitioner, witness

James Cabbagestalk, and Petitioner's plea attorney Glenn Manning testified at the hearing. App.

218.

In an Order filed June 6, 2012, the PCR court denied Petitioner's PCR Application in

full, making the following summary of evidence and findings of fact and conclusions of law:

> This Court has had the opportunity to review the record in its entirety and has
> heard the testimony at the PCR hearing. This Court has further had the
> opportunity to observe the witnesses, presented at the hearing, closely pass upon
> their credibility, and weigh their testimony accordingly. Set forth below are the
> relevant findings of facts and conclusions of law as required pursuant to S.C.
> Code Ann. §17-27-80.

### Ineffective Assistance of Plea Counsel

> In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations
> by a preponderance of the evidence." <u>Frasier v. State</u>, 351 S.C. 385, 389, 570
> S.E.2d 172, 174 (2002) (citing Rule 71.l(e), SCRCP). Where ineffective
> assistance of counsel is alleged as a ground for relief, the Applicant must prove
> that "counsel's conduct so undermined the proper functioning of the adversarial
> process that the trial cannot be relied upon as having produced a just result."

4

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984); Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985).

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, Id. Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

First, Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at 117. 385 S.E.2d at 625 (citing Strickland, supra). Second, counsel's deficient performance must have prejudiced Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."' Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." Johnson v. State, 325 S.C. 182, 186; 480 S.E.2d 733, 735 (1997) (citing Strickland). With respect to guilty plea counsel, Applicant must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to [or continuing with] trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. 2d 203 (1985).

To find a guilty plea is voluntarily and knowingly entered into, the record must establish the applicant had a full understanding of the consequences of his plea and the charges against him. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969); Dover v. State, 304 S.C. 433, 405 S.E.2d 391 (1991). In determining guilty plea issues, it is proper to consider the guilty plea transcript as well as evidence put forth at the PCR hearing. Harris v. Leeke, 282 S.C. 131, 318 S.E.2d 360 (1984). An Applicant who enters a plea on the advice of counsel may only attack the voluntary and intelligent character of the plea by showing that trial counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for trial counsel's errors, the defendant would not have pled guilty, but would have insisted on going to [or continuing with] trial. Roscoe v. State, 345 S.C.16, 546 S.E.2d 417 (2001); Richardson v. State, 310 S.C. 360, 426 S.E.2d 795 (1993).

Given Applicant's burden of proof and the analysis to be applied to this claim, the Applicant's alternative claim of involuntary plea is, in essence, a claim of ineffective assistance of counsel, and it will be treated as such.

Applicant testified his counsel was ineffective because he only met "two or three times" with his counsel and he felt he did not have enough time to prepare. Attorney Manning testified that he met "numerous times" with Applicant, and that

he felt he had spent adequate time in preparing the case. Counsel also testified that his role in defending Applicant was made more difficult because he "felt [Applicant] wasn't telling him the truth."

Applicant testified that he did not have a copy of his Rule 5 material before the plea. Applicant admitted on cross examination that he and counsel did discuss potential alibi defenses and other defenses. Counsel indicated he went over the Brady material, in that "I went over everything I had" and that he was "confident the state turned over everything they had." Counsel indicated that Applicant never gave him the names or addresses of potential alibi witnesses.

Applicant complained that his counsel was ineffective for failing to have a preliminary hearing set for him, but counsel testified that by the time he was involved in the case, Applicant had already been indicted.

Applicant claimed his plea was given involuntarily, and that he was just following the advice of counsel. He went on to testify that he was forced and coerced into entering his plea. On this point, Counsel testified that Applicant did not express an interest in a plea, and maintained his innocence, until that point in the trial where an eyewitness to the crime identified Applicant as the perpetrator and that he know (sic) Applicant as "Woody." Tr. 89, Line 9. With this eyewitness identification in evidence, Applicant then indicated to his counsel he wished to enter a plea. The Court finds this evidence is pivotal because Applicant has maintained throughout this PCR claim that his conviction was a case of mistaken identity; that he has never gone by the name "James"; that he didn't commit the crime and knows nothing of it; and, consequently, he has never been properly indicted, and the Court lacks jurisdiction over him. These issues were all appropriately resolved by the trial judge.

Upon review, this Court finds that Applicant found himself in a difficult situation and chose to plead guilty, admitting his guilt to change the direction of his case and perhaps in the hope to receive leniency, and the Court is not moved by any of his present complaints. This Court finds that none of Applicant's allegations of ineffective assistance of counsel entitle him to relief. Counsel spent adequate time preparing Applicant's case, discussed discovery with Applicant, and could not get a preliminary hearing for Applicant as it was too late. *See* State v. Hawkins, 310 S.C. 50, 425 S.E.2d 50 (1992). The Court further finds that Applicant decided to plead guilty of his own decision, and counsel did not coerce or unduly influence Applicant in making this decision.

The Court finds that counsel's performance was not deficient under these circumstances. Further, Applicant refused to cooperate with his counsel. Applicant has failed to prove that his counsel's conduct fell below the standard of care or that he was prejudiced by counsel's performance. Applicant has also failed to prove his plea was not knowing or voluntary. The Court further

6

finds that Applicant has failed to produce any credible evidence that would have affected his decision to plead guilty. Therefore, this Court finds the Applicant's claims to be without merit, and they are therefore dismissed.

### Ineffective Assistance of Appellate Counsel

Applicant claims he received a "bogus appeal" on the assault and battery with intent to kill charge, as it was a "dropped charge."  Appellate counsel clearly and correctly detailed in her statement of the case that the State agreed to dismiss the assault and battery with intent to kill. *See* Final <u>Anders</u> Brief of Appellant, page 4. This Court finds that the Applicant's testimony does not entitle him to relief on this ground, and therefore is dismissed.

### Breach of Contract

Applicant testified that counsel told him if he pled that he would get "no more than ten years-if that" Applicant felt he should have been sentenced to a term of imprisonment somewhere on the lower end of the possible spectrum. Applicant has failed to prove there was any plea agreement in this case whatsoever. Counsel indicated that although there had been other discussions before the trial began, the mandatory minimum time under Applicant's plea was ten years imprisonment. The court indicated a sentence on the lower end of the range was indeed a possibility, but because Applicant had shown no remorse, nor offered any apology, that possibility of a sentence at the lower end of the range would not be available to Applicant.  Tr. 115, Lines 1-3.  Applicant failed to prove a factual scenario where contract principles would apply and failed to prove there was any type of a plea deal. Thus, the Court finds his "breach of contract" PCR claim is without merit and is therefore dismissed.

### Venue Improper

Applicant claimed his trial should not have occurred in Dillon in that he could not have gotten a fair trial.  Applicant fails to explain why this would have been necessary.   Counsel testified that Applicant never asked him to change venue, nor did counsel believe in his experience that such a request would have been warranted under the circumstances, or even successful. Counsel discussed his past experience with motions to change venue and in comparison this case would not have been appropriate for such a request. These reasons, plus Applicant's ultimate guilty plea, confirm that Applicant failed to show prejudice to his case from venue in Dillon County. Therefore this claim must be dismissed.

### Constitutional Rights Violations

Applicant alleged his warrants were improper under a "fruit of the poisonous tree" theory but failed to provide competent evidence or applicable testimony to further

develop or even explain this claim. Applicant has failed to meet his burden of proof or to establish a cognizable claim for a constitutional rights violation, and therefore this claim is dismissed.

## Prosecutorial Misconduct

Applicant alleges the Solicitor committed perjury by saying he "never negotiated anything." The Court finds no misconduct and concludes that this claim must be dismissed.  The reference Applicant makes is to that point in Applicant's trial where counsel for Applicant had completed jury selection and the first witness had been called; at which time Applicant decided to enter a plea of guilty, presumably after the first witness identified him as "Woody." Tr. 89, Line 9. Applicant then indicated to his counsel he wished to enter a plea.

Upon inquiry by the trial court, Solicitor Redmond indicated, "That the State does not oppose a lower-end sentence in this regard. Um, we have not negotiated a specific time, and, of course, I've made sure to make it clear that the court has the final say in any sentence but that the State would not oppose a sentence on the lower end of that spectrum." Tr. 99, Lines 16-20. In addition, Solicitor Redmond *nol prossed* the remaining assault and battery with intent to kill charge, which he was not obligated to do, as there was no agreement to do so. Tr. 99, Lines 2-24.

In this case, the Solicitor, instead of insisting on a higher-end sentence, did not object to a lower-end sentence and agreed to dismiss the remaining charge. Applicant's conjured version of the facts is not supported by the transcript. Applicant's decision to enter a plea was not based on any negotiations and was not based on any offers made by the State. Applicant decided to plead guilty based on his own personal assessment of his poor chances of success had he moved forward with his trial.

Applicant's allegation of perjury is further misplaced as the Solicitor was not in the position of a sworn witness against whom the allegation of perjury would potentially apply. Applicant was actually placed in a better position because the Solicitor did not object to a sentence on the lower end of the spectrum, but the sentence was less than favorable due to Applicant's lack of remorse or apology. For the above reasons, this Court finds that this claim is meritless and should be dismissed.

## Judicial Misconduct

Applicant testified "certain things are required" but did not otherwise explain the nature of his judicial misconduct claim, other than to say he had a cousin apparently on the Grand Jury Panel, Juror 9, Kenneth Brown. Applicant did not call Brown as a witness in his PCR hearing, or explain how that may have prejudiced his case.  Even if he had called Brown, it is unclear how this could

have possibly prejudiced Applicant. More importantly, he did not bring his complaint to the attention of his trial counsel or the court at any point in the proceedings leading up to his guilty plea, so neither the court nor counsel could have taken action at that time. This Court finds that this claim is without merit and should be dismissed.

### Errors in the Indictment

Applicant claims he has never been indicted, as previously mentioned. The essence of his claim goes to the name which appears on the face of the indictment, "James Cabbagestalk." Applicant claims his legal name is "Shaheen Ramel Cabbagestalk" and that this error in the indictment creates a fatal flaw that entitles him to relief. An individual named "James Cabbagestalk" appeared at the PCR hearing and testified he had nothing to do with this crime. The court finds Applicant's claim on this point to be without merit for the following reasons.

First, if the indictment has been signed by the Grand Jury foreperson and indicates that it is "true-billed," any challenges to the sufficiency of the indictment must be made before a jury is sworn. See Gentry, 363 S.C. at l01, 610 S.E.2d at 499. S.C. Code Ann § 17-19-90 (2003). Even if there are defects in the indictment, they do not affect the jurisdiction of the court as the indictment is a notice document. See State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005).

In this case, counsel believed Applicant would not have an objection to the indictment being amended, and so advised the court in the presence of Applicant, without objection from Applicant. Tr. 107 Lines 16-18. Counsel testified that subject matter jurisdiction was not an issue and that he and Applicant did not discuss it.

Applicant pled guilty, admitting he was the person described in the indictment and that he committed the acts described in the indictment. Applicant waited until well into his plea to object to amending to correct his name on the indictment, after the court had already announced it would accept his plea. Tr. 104, L 12. Counsel testified that Applicant waited until trial to raise the name issue. "I rely on my client. . .he did not make this an issue with me." It was only after the acceptance of the plea, and after silently observing his counsel indicate approval of the amendment to the indictment, that Applicant indicated he did not agree with the amendment. Tr. 108 L 22; Tr. 108, L 25-109. L 10.

> THE COURT: Well, I'm putting your real name on the indictment. I'm trying to give you what you say your real name is. The State - The State shows that it is James Cabbagestalk. You're saying that it is Shaheem Ramel Cabbagestalk. I'm willing to put that down there as the two names that you have been known by. . . .Doesn't that solve the problem?

9

> MR. CABBAGESTALK: No. I mean, I don't - - I don't -- I don't agree.

Id. After Gentry, the primary purposes of an indictment are to put the defendant on notice of what he is called upon to answer, i.e., to apprise him of the elements of the offense to allow him to decide whether to plead guilty or stand trial, and to allow the circuit court to know what judgment to pronounce if the defendant is convicted. Gentry at 44-45. *See also* Evans v. State, 363 S.C. 495,611 S.E.2d 510 (2005).

Applicant called as a witness a relative named James Cabbagestalk, who testified that his first name is James, and that Applicant's first name is Shaheen. It was not alleged either in the court below, or in the PCR hearing, that the relative named James engaged in wrongdoing or had criminal culpability, or that Applicant was blamed for something his relative actually did.

Applicant indicated that he understood the allegations in the indictment. Tr. 95, Lines 11-12. The trial court made a specific finding: "I find that the indictment in this case does apprise this defendant of the charges against him." Tr. 113, Lines 7-8. At the PCR hearing of this matter, upon cross examination by counsel for the State, Applicant was asked if he knew what crimes were on the indictments he was presented with, to which he testified that he did. Applicant failed to show a valid claim for relief. Accordingly this Court finds that this claim is without merit and is hereby dismissed.

### Other Allegations

No other allegations were raised or testified to at the PCR hearing. Therefore, any additional allegations raised in the PCR Application or amendment are deemed waived because no evidence was presented.

### CONCLUSION

Based on the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this Court to grant his application. Therefore, this application for post conviction relief is denied and dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1. That the Application for Post-Conviction Relief is DENIED AND DISMISSED WITH PREJUDICE; and
2. The Applicant must be remanded to the custody of Respondent for the completion of his sentence.

App. 612-624. Subsequently, Petitioner filed a Notice of Appeal on July 18, 2012. ECF No. 70-15. On appeal, Petitioner was represented by Susan B. Hackett, Appellate Defender with the South Carolina Commission on Indigent Defense. ECF No. 70-16. In a *Johnson*[2] Petition for Writ of Certiorari, Attorney Hackett presented one issue, which quoted verbatim was: "Did the PCR court err in concluding Petitioner's guilty plea was knowingly, intelligently, and voluntarily entered where Petitioner presented evidence that his plea counsel advised him incorrectly concerning the sentence he would receive?" *Id.* at 3. Petitioner also filed a pro se Petition for Writ of Certiorari in addition to the *Johnson* petition filed by Attorney Hackett. ECF No. 70-18. The South Carolina Supreme Court denied Petitioner's petition and granted Counsel's request to withdraw. ECF No. 70-19. The Remittitur was issued on September 29, 2014. ECF No. 70-20. This habeas Petition followed on September 25, 2014. ECF No. 1.

III. Discussion

   A. Federal Habeas Issues

In his initial federal habeas Petition for Writ of Habeas Corpus, Petitioner raises the following 21 issues, quoted verbatim:

> Ground One: Never Indicted by a Grand Jury of (12) legally Qualified for Armed Robbery for the name (Shaheen Cabbagestalk without prejudice to UCC 1-207) (See 07-GS-17-0364
>
> Supporting Facts:  Indictment #07-GS-170364 for Armed Robbery attached (ORDER) Clerk Gwen T. Hyatt of Dillon S.C. to send Indictment 07-GS-17-0364 to the courts and see who its for filed with her she's the clerk of court in Dillon S.C. (This very day the State can't produce an Indictment for 07-GS-170364 says Shaheen Cabbagestalk? Why am I forced to serve time for an offense not even charged to me? I'm not James Cabbagestalk the PCR transcript can prove that.
>
> Ground Two: Never Been sentenced to (No) time James Cabbagestalk was SCDC wasn't to accept me per there policy OP-21.09 Inmate Records Plan

---

[2] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

11

Supporting facts: See Invalid Sentencing Sheet No A.K.A.'s on it and for James Cabbagestalk + Commitment order and see SCDC Policy Op-21.09 Inmate Records plan #2.5, 2.6, 2.7, see all (Certificates of Transmittal for Case) from beginning until the end Exhibits of How paperwork should look is enclosed titled (Exhibit X) make the Clerk of Dillon County Courts produce forth entire transmittal of case from recieiving[sic] probable cause all the way until the case is indicted and for who as well unto the sentenceing[sic] sheet and commitment order

Ground Three: Ineffective Assistance of (All) counsels/Attorneys threwout[sic] this Entire appealing of this case intrinsic + extrinsic fraud messed up my case along with Courts of Appeal Clerk Kenneth A. Richstad abused his authority on my appeal.

Supporting facts: Each and every lawyer I've ever had caused me to stay (falsely imprisoned)(misrepresented me) I was never indicted, nor was there any warrants for me Shaheen Cabbagestalk or no sentencing sheet for me (I am not a defendant of General Sessions Court I was never charged for Armed Robbery which my trial attorney Glenn B. Manning advised me to (plead) to and I would recieve[sic] no more then 10 yrs. If that I'm suppose to be in courts at all they have no subject matter jurisdiction per 5th Amendment of Constitution. And the 10 yrs plea is negotiated but failed to be communicated by my attorney and me by solicitor on May 31st 2007 which prejudice me got me illegally serving time.

Ground Four: Invalid plea (Involuntary Guilty Plea) unintelligent unknowingly plea (I was suppose to recieved[sic] the negotiated plea to (10) yrs all others ran concurrent 2-26-07

Supporting facts: Transcript dated (May 31, 2007) pg. 8 Lines 15-17 Judge J. Mark Hayes II heard and is a witness to my attorney Glenn B. Manning failed to put forth any effectiveness to recieve[sic] this plea offer for me and to communicate it to me as occurred with Davie v. State Opinion No. 26608 March 9th 2009 proof of this is this May 31st 2007 transcript Mr. Manning failed to communicate this 10 yr negotiated plea to me which was favorable and I would've taken and still will take this very day if this federal courts will let me rather then have 18 yrs. (This contract) was breached and is negotiated binding which I do accept for value and ask this Court's to calculate my credits toward this 10 yr negotiated plea I'll accept dated (2-26-07) signed by Solicitor Kernard E. Redman which there's no indication it was ever taken back or closed this is what I was under the impression I'd be recieving[sic]. I can't be held accountable for something I was never indicted for per 5th Amendment of the Constitution (How can the judge accept an invalid plea then find out I've never been indicted then amend the wrong indictment for a dropped charged left the Armed Robbery Indictment for James Cabbagestalk

Ground Five: Extrinsic Fraud/Intrinsic Fraud

Ground Six: The PCR Court erred in finding the guilty plea was knowingly, intelligently and voluntarily entered where I presented evidence there that the plea counsel advised me incorrectly concerning the sentence I'd recieve[sic], as well there's a negotiated plea for 10 yrs.  I was willing to accept on (May 31st 2007) Glenn B. Manning failed to communicate to me which was favorable the same plea dated (2-26-07) plea to armed robbery all others concurrent  10  yrs. Also the courts cannot accept a plea for something that's not for me I'm not even suppose to been a defendant of General Session I've never been charged for violating no laws in South Carolina for armed robbery James Cabbagestalk was (how can you accept a plea if I'm not allowed to answer to it?) I'd accept 10 yrs 85% before I accept 18 yrs which I only thought they spoke  of but  thought  I would recieve[sic] the (10) yr negotiate plea from solicitor Redmond Dated (2-26-07) I am until this very day willing to accept it if this courts will allow me to.  Solicitor Redmond did not give it to the courts and lied on August 28th 2007 said (theres no negotiated plea) when (2-26-07) the plea was (plea to armed robbery all others concurrent 10 yrs. So he lied to the trial court judge. The trial court judge accepted this plea and found out I was never indicted afterwards makeing[sic] the 18 yrs 85% invalid. The judge attempted to amend (an) indictment but amended the dropped assault and battery with intent to kill and left the armed robbery indictment untouched leaveing[sic] it for (James Cabbagestalk without prejudice UCC 1-207). I objected to the judge amending the armed robbery indictment so he amended the dropped (A/B/W/I/K) not the armed robbery indictment. See <u>Davie v. State</u>: Mr. Manning didn't communicate the 10 yr plea to me from Kernard E. Redmond on May 31st 2007 as a competent attorney [] Lafler v. Cooper, Missouri v. Frye; <u>J. Lamar Kolle v. S.C.</u> No. 26771.

Ground Seven: Misidentification/In Court

Supporting facts: Identification: See State v. Hoyte 413 S.E.2d 806 (SC 1992) Nothing in the police report states my name I'm not "Woody", "James Cabbagestalk" or (Shaheem Cabbagestalk) I am (Shaheen Cabbagestalk without prejudice UCC 1-207) a (Notice of Rights) was filed with the Dillon County Clerk of Courts as well an (Abatement) for who I am and how my rights are reserved I'm (sovereign) as well until this very day I've yet to be charged with armed robbery (I'm not) James Cabbagestalk and at trial the Judge Howard P. King was told that, as well See the PCR transcript and (Order denying relief) you'll (See James Cabbagestalk) came to the PCR Court hearing 5/15/12. The in court identification was not suppose to been allowed and prohibited (if I'm the only person in the courtroom of course you can say that's me I was called "Woody" then "James Cabbagestalk" niether[sic] are me that's why I ask (Dismissal of the Armed Robbery Indictment and with prejudice) the Identification of James Cabbagestalk has me falsely imprisoned this very day I

pray the Courts overturn this. The entire transcript from pre-trial until trial and this very day is proof. (See pg. 4 of the Attorney's Johnson Brief at the bottom it states: the only indictment physically amended by Judge King was the indictment for Assault and Battery with Intent to Kill which was dropped and this wasn't a part of (no plea agreement) I only said yes! Because my attorney Glenn B. Manning told me to and I won't get no more than 10 yrs. If that I'm not to be in the court room period. (See S.C. Code Ann. § 17-19-10 (1985) accord Hopkins v. State, 317 S.C. 7, 451 S.E.2d 389 (1994); State v. Munn, 292 S.C. 497, 357 S.E.2d 461 (1987), Browning v. State 320 S.C. 366, 465 S.E.2d 358 (1995), State v. Beachum, 288 S.C. 325 [last line illegible]

Ground Eight: OP-21.09 Inmate Records Plan

Supporting facts: SCDC got a policy # 1.5, 1.6, 1.7, 2.8 speaks of (If SCDC got an invalid commitment order for an individual they cannot accept one for bedding or anything (this makes the sentence invalid and me to be held against my own will).  See SCDC Policy OP-21.09 Inmate Records plan

Ground Nine: (Failed to instruct the jury on alibi (My alibi was (Alma Jackson)

Supporting facts: Police officer Douglas Pernell and others threatened her and made her leave the courtroom (that's tampering with a witness this damaged my life and I'm innocent of this).

(The Entire transcript of the trial of August 27th and 28th 2007 will show forth the 2nd day into trial 3:00 pm my alibi was issued a subpoena and will show the jury was never instructed on alibi witness (See Donnelly v. DeChirstofore, 94 S.Ct. 1868 (1974), Berger v. U.S. 55 S.Ct. 629

Ground Ten: PCR Ruleing[sic] is (frivilous[sic]) not based on facts and the  judge violated several cannons and law which prejudice me because (Before ruleing[sic] on this case the judge never examined any of my evidence to prove my allegations rather facts. By this judge not fully examining the record or at all his caused a fatal judgement[sic] which this courts is asked to vacate, Chewning v. Ford Motor Co. (S.C. 2003) 354 S.C. 72, 579 S.E.2d 605  Gaines

Ground Eleven: prosecutor misconduct:

Supporting facts: TO even present this case to the courts any further after the solicitor found I was not indicted and even the transmittal of this case to the grand jury (Shows fraudulent intent) the solicitor been known I was never indicted but failed to have it re-submitted to grand jury se (May 31st 2007) transcript pre- trial (pg. #8) or you can see the entire transcript of (May 31st 2007) as well as the solicitor lied in court said there's no negotiated pleas (See plea of (2-26-07) as

14

well (See <u>Williams v. Heard</u>, 533 F.Supp. 1153 (S.D. Texas 1982), See <u>Wong Sun v. U.S.</u> 471, 83 S.Ct (1966), Donnelly v. DeChirstofore, 94 S.Ct. 1868 (1974)

Ground Twelve: preliminary hearing

Supporting facts: Being I was never indicted and this case was smuggled into August 27th, 28th 2007 trial without subject matter jurisdiction to do so this violated (Rule 2) S.C. Rules of Crim. Proc. (if I would've gotten this this case would've been dismissed before thought of an illegal trial (See trial transcript never indicted) See May 31st 2007 transcript of Appendix from pre-trial never got preliminary hearing they assumed I was indicted (See pg. 13 lines 23-25 also (see pg. 7 lines 8-10) May 7th 2007 transcript pretrial

Ground Thirteen: Ineffective assistance of writ of certiorari counsel Susan B. Hackett:

Supporting facts; (Ryan v. Martinez) This lady Ms. Susan B. Hackett filed a <u>Johnson Brief</u> and failed to raise all the necessary issues I asked her to before she filed this writ. I explained to her I was never indicted until this very day warrants wasn't for me, I never recieved[sic] a preliminary hearing.  I  was mislead by trial counsel to plead thinking I'd be recieving[sic] 10 yrs if that because I wasn't to be in the courtroom this attorney clearly ignored me and all my issues I asked her to present to the courts and until this very day I've yet to be indicted. She didn't even litigate the courts was not instructed on alibi to the jury. I asked her to get off my case several times if she felt she can't find no issues (I'll represent myself she picked at me told me she'd do what she want with the case and not gonna listen to me and not gonna consider anything I said (It's all what she want to do I got no say so) then she began to play games back track herself and out telephone conversations and as the courts can see my PCR application (2010-CP-17091) All issues I raised and the letter from my attorney Ms. Heather M. Cannon about the Rule 59(e) dated (July 3rd 2012) This is why Ms. Susan B. Hackett is ineffective and she did not raise any of the important issues I asked her. This prejudiced me do [sic] to the fact all the issues I raised in my PCR and motions filed with it wasn't addressed at all by her or the PCR attorney Heather M. Cannon they both admit to the issues I asked to be raised but they denied me to do the raiseing[sic] of the issues basically (Blocking me) from presenting this to the Courts dealing in Intrinsic fraud and Extrinsic fraud as well a (sham legal process). Susan B. Hackett was one of the worses Attorneys I've ever had threw out [sic] this (Bogus) [last line illegible].

Ground Fourteen: Invalid plea collateral consequences

Supporting facts: in order for a defendant to knowingly and voluntarily plead guilty, the defendant must have a full understanding of (the consequences of the plea), The judge must question the defendant about the possible punishment that

could be imposed See <u>Dover v. State</u>, <u>State v. Hazel</u>: But I was never advised of the collateral consequences (civil restrictions that flow without prior warning, the affects of social integration are a suspension or loss of voting rights, right to run or hold office, rejection from jury duty, and prohibition from recieving[sic] certain professional licenses. The consequences of conviction prevent ex-offenders from enjoying the full benefits of citizenship even after they, ostensibly, have served their debt to society. (The range wasn't adequately or fully overstood for any plea agreement (but) I would've taken the (10) yr. plea (plea to armed robbery all others concurrent) (2-26-07) date.

Ground Fifteen: PCR Attorney ineffective Heather M. Cannon:
Supporting facts: See her December 28, 2011 correspondence for me and Febr. 24, 2014 our strategy we came up with together to adequately, effectively fight my PCR and she didn't ask not one of these questions we strategetically[sic] came up with to win my PCR. This is why I'm prejudiced because it would've raised all the issues I asked her to if this courts see the Exhibit marked (list of questions) Exhibit O and see the PCR Court transcript you'll see she detoured from this and mislead me and didn't raise no issues I asked.

Ground Sixteen: Not indicted by 12 legally qualified grand jurors

Supporting facts: The March 24th 2011 Order from Chief Justic[sic] Jean H. Toal shows the grand jury was canceled until a certain time and I or my attorney was never notified by any chief administrative judge for an extension See Exhibit 2.

Ground Seventeen: No Bond Hearing

Supporting facts: I was never taken before any judge for a bond hearing see Exhibit S this was illegally done by Judge John Davis 1-15-07 this was for James Carmichael, As the Courts can see my signature isn't on this as well if I never went for a bond hearing how am I to recieve[sic] my notice for a preliminary hearing? You got to a bond hearing in Dillon S.C. then the judge give you a notice for a preliminary hearing Rule 2 of S.C. Rules of Court was violated as well the Entire transmittal of this case.

Ground Eighteen: Ineffective Trial Counsel:

Supporting facts: Glenn B. Manning had no entire Rule 5 to represent me at trial. He was very ineffective for telling the judge to amend an indictment and only the grand jury can do so, however motioned to quash the indictments cause none are for me, he never motioned for a mistrial, he didn't object to this trial even going on, he never mentioned to the judge the courts had no subject matter jurisdiction to have me in the courts I was never indicted, never said the 18 yr alleged plea was invalid the May 31st 2007 plea (2-26-07) dated signed by Solicitor Redmond (10 yrs negotiated) is what I was to recieve[sic] if anything but how can I

16

recieve[sic] time if I never been indicted. I never got a preliminary hearing and never was indicted, he never raised the issue the Judge failed to instruct the jury on my Alibi, and the indictment reflects what the warrant reflects if the indictment is invalid so are the warrants they reflect the same.

Ground Nineteen: Not indicted within 90 days

Supporting facts: [illegible]

Ground Twenty:  Breach of Contract

Supporting facts:  There's a negotiated plea for 10 yrs. 85% plea to armed robbery all others concurrent. The State gave me 18 yrs. But the 10 yrs. was negotiated and I am willing to accept the 10 yr. plea Right now I was to get if this courts will let me.

Ground Twenty-One:  PCR Application and Motions filed with it

Supporting Facts:  My PCR Application got a lot of the issues I was raiseing but my PCR Attorney didn't go along with the strategy she and I agreed on see Exhibit O by going off track on what I was prepared to present or fight in pcr courts. (No motions was raised at all by my PCR Attorney) see supportive case law and memorandum.

After filing his habeas Petition, Petitioner added the following ten grounds by amendment:

Ground One:  Overlooking of trial court of preliminary hearing rights and mistrial or vacation of indictments and warrants.

Ground Two:  Plea offer forgotten.

Ground Three:  Erroneous judgment.

Ground Four:  Lack of subject matter jurisdiction.

Ground Five:  5th Amendment of Constitution (indictment claim).

Ground Six:  prosecutorial misconduct: the prosecutor knew I was never indicted knew this before trial and at trial still didn't ask for mistrial or withdraw invalid charges.

Ground Seven:  judicial misconduct: the judge at trial Howard P. King abused his authority knew I never been indicted still amended the indictment forced me in

prison no paperwork for armed robbery say my name until this very day and the appeals court appeals were for James Cabbagestalk.

Ground Eight: Ineffective appellant counsel: filed a bogus appeal and never advised me of my right for a petition for rehearing. See Exhibit enclosed it's untimely because of her.

Ground Nine:  See exhibit Senator Ralph Anderson told SCDC Director Jon Ozmint Let me go grant me relief dated 7/9/09.

Ground Ten:  PCR Court rueling [sic] not based on fact and conclusion of law.

ECF No. 25.

B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry

18

of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319, 323 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

C.     Habeas Corpus Standard of Review

1.     Generally

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 397-98 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.      Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. 28 U.S.C. § 2254(a)-(b). The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.      Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)      (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)      the applicant has exhausted the remedies available in the courts of the State; or

(B)      (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

20

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR.  State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976).  If the PCR court fails to address a claim as is required by section 17-27-80 of the South Carolina Code, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not

21

be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  As the United States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

22

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).

3.     Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a

particular claim. *Id.* Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

Pursuant to *Martinez v. Ryan*, an error by a prisoner's post-conviction counsel during his initial state collateral review proceeding can qualify as "cause" to excuse the procedural default of a claim of trial counsel ineffectiveness claim if: (1) state law required the prisoner to wait until post-conviction review to raise *Strickland* claims; (2) the prisoner's underlying *Strickland* claim is "substantial"; and (3) the prisoner can establish that his post-conviction counsel was ineffective under the *Strickland* standard. 132 S.Ct. 1309, 1318–1319 (2012).

### D.  Analysis

Plaintiff raised 21 claims for habeas relief in his initial Petition. *See* ECF No. 1, 1-1. Thereafter Petitioner supplemented his habeas Petition and raised ten additional habeas grounds for relief. *See* ECF No. 25. The undersigned will address Petitioner's initial claims first and then address the supplemental claims. Analysis of the claims will include whether certain claims are procedurally barred from federal habeas review and a discussion of the merits of the claim as warranted.

### 1.  Ground One: Never Indicted by a Grand Jury of (12) legally Qualified for Armed Robbery for the name (Shaheen Cabbagestalk without prejudice to UCC 1-207) (See 07-GS-17-0364

Respondent does not raise a procedural default argument but maintains that Petitioner has failed to state a claim upon which habeas relief can be granted in Ground 1 because federal law or a constitutional right is not at issue. ECF No. 70 at 36. The undersigned agrees.

24

Under the federal due process clause, a defendant has the right to notice of the specific charge against him, and "deficiencies in state court indictments are not ordinarily a basis for habeas relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." *Ashford v. Edwards,* 780 F.2d 405, 407 (4th Cir. 1985). Here, the indictments made Petitioner aware of the substance and nature of the crimes charged against him. App. 625-26. Furthermore, during his plea hearing, Petitioner testified that he fully understood the nature of the charges against him. App. 113-14. Additionally, the alleged misidentification of Petitioner was noted and corrected during his plea hearing. *See id.* The indictments set forth the elements of the offense, and Petitioner has never complained that he was not on notice of the charges against him. The PCR court reviewed Petitioner's indictments and found Petitioner's claim was meritless because the indictments were only notice documents that do not affect subject matter jurisdiction. App. 621. Additionally, the PCR court found that Petitioner pleaded guilty and testified that he knew what crimes were on the indictment. App. 623.

The undersigned finds that Petitioner cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law in rejecting this claim, or that the PCR court made objectively unreasonable factual findings. A review of the guilty plea transcript and the testimony at the PCR hearing reveals that the PCR court's denial was fully supported by the record and was reasonable and, therefore, it is entitled to deference here. Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground One.

    2.   Ground Two: Never Been sentenced to (No) time James Cabbagestalk was [;] SCDC  wasn't to accept me per there [sic] policy OP-21.09 Inmate Records Plan.

Respondent does not argue that Ground Two is procedurally defaulted. Instead, Respondent argues that Petitioner fails to state a claim upon which federal habeas relief can be granted in Ground Two because he is asserting a violation of SCDC policy. ECF No. at 37-38. The undersigned agrees.  To be eligible for habeas relief, a Petitioner must maintain that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An alleged violation of SCDC policy does not rise to that level, and accordingly, the undersigned recommends granting Respondent's Motion for Summary Judgment on Ground Two.

3.   Ground Three: Ineffective Assistance of (All) counsels/Attorneys threwout[sic] this Entire appealing of this case intrinsic + extrinsic fraud messed up my case along with Courts of Appeal Clerk Kenneth A. Richstad abused his authority on my appeal.

Petitioner maintains that he was never indicted and there were never any warrants for him. ECF No. 1 at 8. Furthermore, he alleges that his plea counsel advised him to plead guilty and indicated that he would not receive more than a ten-year term of imprisonment. *Id.* Additionally, Petitioner argues that the courts had no subject matter jurisdiction under the Fifth Amendment of the Constitution. *Id.* Finally, Petitioner maintains that the courts are "crooked" and are all conspiring together to damage his case. *Id.*

Respondent maintains that Petitioner's claim that appellate counsel was ineffective in failing to advise him of his right to file a petition for rehearing and that his trial counsel was ineffective for failing to object to the circuit court having subject matter jurisdiction over his case was not raised to and ruled upon by the PCR court and is barred from habeas review. ECF No. 70 at 29-30. Alternatively, Respondent argues that this claim lacks merit. *Id.* at 39. The undersigned addressed Petitioner's claim that he was never indicted when considering the merits

26

of Ground One above. The undersigned will address Petitioner's allegation that his plea counsel advised him to plead guilty based on a ten-year negotiated plea when considering the merits of Ground Four in the following section.

To the extent Ground Three should be addressed on the merits, Petitioner's claim that South Carolina state courts lacked subject matter jurisdiction per the Fifth Amendment of the Constitution is not a claim upon which habeas relief can be granted. State indictments and state court subject matter jurisdiction are matters of state law that are not cognizable in federal habeas corpus. *See Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998) (holding that petitioner's claim that a Virginia circuit court lacked jurisdiction over two counts in his indictment the Fourth Circuit determined that his claim, "when pared down to its core, rests solely upon an interpretation of Virginia's case law and statutes, it is simply not cognizable on federal habeas review"); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary"); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Moreover, the South Carolina Supreme Court has held that defective indictments have no effect on whether a court has subject matter jurisdiction over a criminal case. *See State v. Gentry*, 610 S.E.2d 494, 499 n.6 (S.C. 2005).

The undersigned notes that Petitioner couches his subject matter jurisdiction claim as a Fifth Amendment violation. The Fourth Circuit has held that the Fifth Amendment requires a defendant to be informed of the charges against him. *See Hartman v. Lee*, 283 F.3d 190, 194 (4th Cir. 2002), *cert. denied*, 537 U.S. 1114 (2003). Here, the undersigned has already determined that Petitioner was properly advised and acknowledged the criminal charges he was

facing. Moreover, to the extent Petitioner argues that Fifth Amendment indictment requirements extend to state prosecutions, this argument is meritless. "[T]he Fifth Amendment only requires the federal government to use a grand jury indictment as a means of charging serious crimes and that neither the Fifth Amendment alone or by way of the Fourteenth Amendment Due Process Clause impose the requirement on the state." *Holliman v. Beck*, 351 F. Supp. 2d 449, 453 (M.D.N.C. 2005). Therefore, the Fifth Amendment provisions for presentment of an indictment to a grand jury do not apply to state criminal prosecutions, *see Alexander v. Louisiana*, 405 U.S. 625, 633 (1972). Accordingly, Petitioner fails to state a claim upon which federal habeas relief can be granted in this claim, and the undersigned recommends denying and dismissing Ground Three with prejudice. To the extent Petitioner attempts to raise other claims in Ground Three that are not addressed here, the undersigned recommends dismissing those claims for failing to state a claim upon which habeas relief may be granted and because those claims are too vague and conclusory. *See e.g., Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (*overruled on other grounds Gray v. Netherland*, 518 U.S. 152, 165-66 (1996)) ("In order to obtain an evidentiary hearing on an ineffective assistance claim-or, for that matter, on any claim-a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.").

> 4.  Invalid plea (Involuntary Guilty Plea) unintelligent unknowingly plea (I was suppose to recieved[sic] the negotiated plea to (10) yrs all others ran concurrent 2-26-07

Petitioner asserts his guilty plea was involuntary because there was a plea agreement in place under which he was to receive only a ten-year sentence. ECF No. 1 at 9-10. Respondent argues that Ground Four should be denied and dismissed with prejudice because Petitioner failed

to show that the PCR Court unreasonably applied federal law in denying relief upon this claim. ECF No. 70 at 40-41. Respondent does not argue that Ground Four is barred from habeas review.

A petitioner that pleads guilty on counsel's advice may only collaterally attack the voluntary and knowing nature of his guilty plea by showing (1) counsel was ineffective and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. *Roscoe v. State*, 546 S.E.2d 417, 419 (S.C. 2001). Therefore, this allegation is essentially a claim of ineffective assistance of counsel that rendered a guilty plea involuntary. At the PCR hearing, Petitioner testified that counsel told him that if he pleaded guilty, he would get no more than ten years imprisonment. App. 231. Plea counsel testified that though there had been discussions of a reduced sentence prior to Petitioner proceeding to trial, Petitioner did not want to plead guilty to anything at that time. App. 271-72; 276. The PCR court found that Petitioner "failed to prove there was any plea agreement in this case [and] failed to prove a factual scenario where contract principles would apply and failed to prove there was any type of a plea deal." App. 618-19. Therefore, the PCR Court found this claim was without merit and dismissed it. *Id.*

Moreover, during the plea hearing the Solicitor indicated that "the State d[id] not oppose a lower-end [and did] not negotiate[] a specific time." App. 117. Thereafter Petitioner indicated that other than nol prossing the assault and battery with intent to kill charge and the State not objecting to a sentence on the lower end of the sentencing spectrum, no promises had been made in order to secure his guilty plea. App. 117-18. The plea court specifically indicated to Petitioner that the sentence could range from ten to thirty years. App. 118. "Absent clear and convincing evidence to the contrary, [petitioner] is bound by the representations he made during his plea colloquy." *Beck v. Angelone*, 261 F.3d 377, 396 (4th Cir. 2001) (internal quotations and

citations omitted). The undersigned finds that, based on the PCR and guilty plea testimony, the PCR court's determination that there was no plea agreement in place was reasonable.

In rejecting Petitioner's application for post-conviction relief on the ground that his plea was involuntary, the PCR court found that Petitioner "failed to prove his plea was not knowing or voluntary." App. 618. Additionally, the PCR court found that Petitioner "failed to produce any credible evidence that would have affected his decision to plead guilty." *Id.* The plea colloquy reveals that the plea judge specifically asked whether Petitioner understood the nature of the charges against him and "the consequences of the guilty plea." App. 116. The plea judge specifically asked whether Petitioner understood that he was waiving his constitutional rights, including his "right to contest or challenge whether or not the statement [of guilt] was freely and voluntarily given." App. 117.

Here, based on the testimony in the transcripts, the undersigned finds that the record demonstrates that Petitioner's guilty plea was knowing and voluntary, he received effective assistance of counsel, and he is not entitled to habeas relief on this ground. *Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969) (finding that courts may not presume from a silent record a waiver of constitutional rights associated with a guilty plea, but must engage in a thorough, on-the-record inquiry to establish that the defendant voluntarily and understandingly entered his guilty plea); *see also Wade v. Coiner*, 468 F.2d 1059, 1060 (4th Cir. 1972) (holding that "state judges may choose to engage in the colloquy mandated for their federal colleagues by Rule 11, but there is nothing in *Boykin* that requires them to do so" and denying habeas relief where the state judge ensured the defendant's attorney advised him of the nature of the charge and the consequences of his plea).

Based on the facts above, Petitioner did not demonstrate that counsel was ineffective or demonstrate he suffered prejudice from any alleged deficiency in counsel's representation. Finally, the undersigned finds that Petitioner's guilty plea was entered knowingly and voluntarily and was not based on a negotiated or reduced plea agreement with the State.

### 5. Ground Five: Extrinsic Fraud/Intrinsic Fraud

In this Ground, Petitioner defines extrinsic and intrinsic fraud. ECF No. 1-1 at 1-4. There, Petitioner argues that this lawyers prevented him from being heard or from properly presenting his case. *Id.* at 1. Additionally, Petitioner again takes issue with the indictment process and maintains that false documents were presented to the court. *Id.* at 2.

As indicated above, Petitioner waived several constitutional rights by pleading guilty—including his right to proceed to trial and present his case to a jury. Furthermore, Petitioner's claim that he was not properly indicted has already been addressed. To the extent Petitioner asserts general claims of extrinsic and intrinsic fraud, Petitioner fails to state claims upon which federal habeas relief can be granted. To be entitled to federal habeas relief, a petitioner must establish he is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner's fraud claims in this ground do not assert that he is in custody in violation of either the United States Constitution or federal law. Therefore, the undersigned recommends that Ground Five be denied and dismissed with prejudice.

### 6. Ground Six: The PCR Court erred in finding the guilty plea was knowingly, intelligently and voluntarily entered where I presented evidence there that the plea counsel advised me incorrectly concerning the sentence I'd recieve[sic], as well there's a negotiated plea for 10 yrs.

The undersigned has already addressed the voluntariness of Petitioner's guilty plea and his issue with the indictments above. Therefore, the undersigned recommends that Ground Six be denied and dismissed with prejudice because either Petitioner failed to show that the PCR Court unreasonably applied federal law in denying relief upon this claim or because Petitioner has failed to raise a claim upon which habeas relief can be granted.

7. Ground Seven: Misidentification/In Court

Petitioner alleges that nothing in the police report states his name. ECF No. 1-1 at 6. Specifically, Petitioner argues that he is not "Woody" or "James Cabbagestalk," but his name is "Shaheen Cabbagestalk." *Id.* Furthermore, Petitioner maintains that the "incourt identification was not suppose to been allowed." *Id.*

In his PCR application, Petitioner arguably raised this issue. App. 142-43. To the extent this claim is properly before the court, Petitioner waived this argument by pleading guilty. With the exception of claims for ineffective assistance of counsel or voluntariness of the plea, a guilty plea waives nearly all non-jurisdictional claims. *Johnson v. Catoe*, 520 S.E.2d 617, 619 (S.C. 1999); *Gibson v. State*, 514 S.E.2d 320, 324 (S.C. 1999). A plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true. The defendant may not later argue that his plea was invalid except in extremely limited circumstances. *Blackledge v. Allison*, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific). "Absent clear and convincing evidence to the contrary, [Petitioner] is bound by the representations he made during his plea colloquy." *Beck v. Angelone*, 261 F.3d at 396 (internal quotations and citations omitted). A defendant who has

entered a valid guilty plea has admitted his guilt and cannot challenge the sufficiency of the evidence presented as a factual basis for his guilty plea. *United States v. Willis*, 992 F.2d 489, 490-91 (4th Cir. 1993). Accordingly, the undersigned recommends Ground Seven be denied and dismissed with prejudice.

8.   Ground Eight: OP-21.09 Inmate Records Plan

In Ground Eight, Petitioner argues that an SCDC policy makes his sentence invalid. ECF No. 1-1 at 7. Here again, Petitioner fails to state claims upon which federal habeas relief can be granted. *See* 28 U.S.C. § 2254(a). Petitioner does not assert that he is in custody in violation of either the United States Constitution or federal law, but rather, he relies on an SCDC policy. Therefore, the undersigned recommends that Ground Eight be denied and dismissed with prejudice.

9.   Ground Nine: Failed to instruct the jury on alibi (My alibi was Alma Jackson)

Respondent argues that Ground Nine is procedurally barred from habeas review. ECF No. 70 at 28. Nevertheless any alibi defense was waived when Petitioner pleaded guilty. *See e.g.*, *Blackledge v. Allison*, 431 U.S. 63 (1977), *United States v. Willis*, 992 F.2d 489, 490-91 (4th Cir. 1993); *Beck v. Angelone*, 261 F.3d at 396; *Johnson v. Catoe*, 520 S.E.2d at 619; *Gibson v. State*, 514 S.E.2d at 324. Moreover, as thoroughly discussed above, though Petitioner initially proceeded to trial on the charges against him, he ultimately pleaded guilty. Therefore, there is no factual support for Ground Nine whatsoever. Therefore, the undersigned recommends that Ground Nine be denied and dismissed with prejudice.

10. Ground Ten:  PCR Ruleing[sic] is (frivilous[sic]) not based on facts and the judge violated several cannons and law which prejudice me because (Before ruleing[sic] on this case the judge never examined any of my evidence to prove my allegations rather facts.

33

Respondent does not maintain that Ground Ten is procedurally barred from habeas review. ECF No. 70 at 53-54. In his pro se brief following his PCR hearing, Petitioner maintained that several errors occurred during his PCR hearing. ECF No 70-18 at 2. Therefore, the undersigned will review Ground Ten on the merits.

Petitioner's broad allegations of misconduct by the PCR court fail to state a claim upon which habeas relief can be granted because he does not allege a constitutional right violation or a misapplication of federal law. Moreover, the Fourth Circuit has held that "[a] state prisoner has no federal constitutional right to post-conviction proceedings in state court. *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008). There, the *Lawrence* court expressly found that an attack on PCR proceedings is not a cognizable federal habeas issue. *Id.* ("Thus, even where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself.").

Furthermore, without alleging a particular error of the PCR court's ruling, the undersigned cannot assess whether the PCR court unreasonably misapplied clearly established federal law in rejecting a claim, or that the PCR court made objectively unreasonable factual findings. On review of the PCR order of dismissal, the undersigned does not find any clear legal or factual errors. Therefore, the undersigned recommends Ground Ten be denied and dismissed with prejudice.

## 11. Ground Eleven: Prosecutor Misconduct

Petitioner alleges that the state prosecutor knew that Petitioner was never indicted and failed to have indictments re-submitted to the grand jury. ECF No. 1-1 at 8. Additionally, Petitioner maintains that the prosecutor committed misconduct by representing to the plea court

that there had been no negotiated plea. *Id.* Respondent argues that Ground Eleven is meritless because Petitioner fails to show that the PCR court unreasonably applied federal law in denying this claim. ECF No. 70 at 54. Respondent does not make a procedural bar argument here.

The undersigned has previously addressed Petitioner's claim of invalid indictments against him. Furthermore, Petitioner's allegations of prosecutorial misconduct based on information contained in his indictments was not ruled upon by the PCR court. Therefore, this issue was procedurally defaulted and is barred from habeas review. The undersigned finds that Petitioner's allegation of prosecutorial misconduct based on the prosecutor's representation that the State and Petitioner had no plea agreement is without merit.

During the plea hearing the Solicitor stated the following, verbatim:  "[T]he State does not oppose a lower-end sentence in this regard. Um, we have not negotiated a specific time, and, of course, I've made sure to make it clear that the court has the final say in any sentence but that the State would not oppose a sentence on the lower end of that spectrum." App. 117. In ruling on this issue, the PCR court found that Petitioner's decision to plead guilty "was not based on any negotiations and was not based on any offers made by the State. [Petitioner] decided to plead guilty based on his own personal assessment of his poor chances of success had he moved forward with his trial." App. 620. Furthermore, the PCR court found that the prosecutor was not in the position of a sworn witness against whom the allegation of perjury would apply. *Id.* Moreover, the PCR court determined that Petitioner was placed in a better and not worse position because the prosecutor did not object to the lower end of the sentencing spectrum. *Id.*

The undersigned finds that Petitioner cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law in rejecting this claim, or that the PCR court made objectively unreasonable factual findings. A review of the guilty plea transcript and

35

the testimony at the PCR hearing reveals that the PCR court's denial was fully supported by the record and was reasonable and therefore, it is entitled to deference here. Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground Eleven and that this claim be dismissed with prejudice.

12. Ground Twelve: preliminary hearing

Petitioner maintains that he was never indicted and his case proceeded to trial without subject matter jurisdiction. ECF No. 1-1 at 8. Further, Petitioner alleges that he never got a preliminary hearing and "they assumed [he] was indicted." *Id.* Respondent maintains Ground Twelve is meritless because there is no constitutional right to a preliminary hearing as long as there is probable cause. ECF No. 70 at 58. Respondent does not make a procedural bar argument here.

Though raised in his PCR application, the PCR court did not rule on this precise issue in its order of dismissal. To the extent Ground Twelve should be addressed on the merits, the undersigned finds that though Petitioner maintains that he was never indicted, the record before the court demonstrates that he was. Moreover, there is no constitutional right to a preliminary hearing as long as there is some determination of probable cause prior to an extended restraint of liberty following arrest. *See United States v. Kabat*, 586 F.2d 325 (4th Cir. 1978) (citing the holding in *Gerstein v. Pugh*, 420 U.S. 103 (1975) that an accused has no constitutional right to a preliminary hearing, so long as he receives some form of "a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest."). Furthermore, in South Carolina, a preliminary hearing is not held if the defendant is indicted by the grand jury or waives presentment before the preliminary hearing can be held. Rule 2(b), SCRCrimP ("The hearing shall not be held, however, if the defendant is indicted by a grand jury or waives

indictment before the preliminary hearing is held."). An indictment constitutes a finding of probable cause by the grand jury. *See U.S. v. Soriano-Jarquin*, 492 F.3d 495, 502 (4th Cir. 2007); *State v. McClure*, 289 S.E.2d 158, 160 (S.C. 1982); *see also Law v. South Carolina Dept. of Corrections*, 629 S.E.2d 642, 649 (S.C. 2006) (noting South Carolina has long embraced the rule that a true bill of indictment is prima facie evidence of probable cause in an action for malicious prosecution).

Based on the record before the court, the undersigned finds that Petitioner was indicted for the charges brought against him. Furthermore, based on the existence of probable cause, Petitioner was not improperly denied a preliminary hearing. Therefore, the undersigned finds that Petitioner cannot demonstrate that he is in custody in violation of federal law. Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground Twelve and that this claim be dismissed with prejudice.

13. Ground Thirteen: Ineffective assistance of writ of certiorari counsel Susan B. Hackett

Petitioner argues that his PCR appellate counsel was ineffective for failing to raise several issues on appeal that he had requested she brief. ECF No. 1-1 at 9. Respondent maintains that an alleged error against a trial or appellate counsel in a state PCR action fails to state a claim upon which habeas relief may be granted. ECF No. 70 at 59. Respondent does not make a procedural bar argument here.

The Fourth Circuit has held that "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief." *Bryant v. State of Md.*, 848 F.2d 492, 493 (4th Cir. 1988). Even considering this Ground on the merits, the undersigned does not find appellate PCR counsel was ineffective. As indicated above, Attorney Hackett filed a

*Johnson* petition on Petitioner's behalf, ECF No. 70-16, and the South Carolina Supreme Court has specifically approved "the withdrawal of counsel in meritless post-conviction appeals." *Johnson v. State*, 364 S.E.2d 201, 201 (S.C. 1988). Additionally, Petitioner had and took advantage of the opportunity to file a pro se brief with the South Carolina appellate court. *See* ECF Nos. 70-17, 70-18. Therefore, Petitioner presented all arguments he desired be reviewed to the South Carolina Supreme Court for review. Accordingly, he suffered no prejudice from any perceived error. Moreover, the undersigned notes that once a defendant pleads guilty there are very few arguments that can be made on his behalf to reverse the conviction. *See Blackledge v. Allison*, 431 U.S. at 75 (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific).

Based on the record before the court, Petitioner did not demonstrate that PCR appellate counsel was ineffective. Further, Petitioner has failed to prove prejudice from any alleged deficiency in counsel's representation. Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground Thirteen and that this claim be dismissed with prejudice.

### 14. Ground Fourteen: Invalid plea collateral consequences

In Ground Fourteen, Petitioner argues that his plea was invalid because he did not have a full understanding of the consequences of his plea. ECF No. 1-1 at 10. Respondent argues that this claim is procedurally defaulted and is meritless. ECF No. 70 at 59-60.

The undersigned finds that this issue was not raised to and ruled upon by the PCR court. Accordingly, it is not ripe for habeas review. *See Murray v. Carrier*, 477 U.S. at 496. To the

extent this claim should be addressed on the merits, the undersigned finds that Petitioner was aware of the direct consequences of his plea, including waiver of his constitutional rights. Here, Petitioner maintains that he was not advised of the collateral consequences of his plea, including loss of voting rights, the right to run or hold office, and other benefits of full citizenship. ECF No. 1-1 at 10. However, the Supreme Court has held that a guilty plea is voluntary if entered by "one fully aware of the direct consequences" of the plea. *Brady v. United States*, 397 U.S. 742, 755, (1970) (internal citation omitted). "Direct" consequences have "a definite, immediate, and largely automatic effect on the range of the defendant's punishment." *Cuthrell v. Director, Patuxent Institution,* 475 F.2d 1364, 1366 (4th Cir. 1973). A consequence is "collateral" when it is uncertain or beyond the direct control of the court. *Meyer v. Branker*, 506 F.3d 358, 368 (4th Cir. 2007). Because the plea court is not required to inform Petitioner of the collateral consequences of his guilty plea, Petitioner's claim is without merit. Therefore, Petitioner has failed to present a  claim upon which  federal habeas relief can be granted, and the undersigned recommends Ground Fourteen be denied and dismissed with prejudice.

15. Ground Fifteen:  PCR Attorney ineffective Heather M. Cannon

Petitioner maintains that he received ineffective PCR counsel. ECF No. 1-1 at 10. Specifically, Petitioner argues that his PCR counsel did not ask several questions during his PCR hearing. *Id.* Respondent argues that Petitioner has failed to state a claim upon which habeas relief can be granted. Respondent does not make a procedural bar argument here.

Here, Petitioner fails to raise a claim upon which habeas relief can be granted. Furthermore, any alleged errors of PCR counsel can only establish cause for a prisoner's procedural default of a claim. *See Martinez*, 132 S. Ct. at 1315. In stating his Ground Fifteen claim, Petitioner does not allege that PCR counsel failed to raise a viable issue during PCR

which should now be reviewed. Rather, he is generally arguing that her performance was subpar because she failed to ask certain questions and detoured from a certain strategy. ECF No. 1-1 at 10. Accordingly, any alleged error of Petitioner's PCR counsel is not a viable ground for habeas review or relief in this case. Therefore, the undersigned recommends dismissing Ground Fifteen because Petitioner fails to state a claim upon which habeas relief may be granted.

### 16. Ground Sixteen:  Not Indicted by 12 legally qualified grand jurors

In Ground Sixteen, Petitioner argues that the March 24, 2011 order from Chief Justice Toal of the South Carolina Supreme Court shows "that the grand jury was cancelled until a certain time. . . ." ECF No. 1-1 at 10. Respondent argues that Petitioner has failed to state a claim upon which habeas relief can be granted. ECF No. 70 at 63. Furthermore, Respondent explains that the Order upon which Petitioner relies "cancelled the statutorily outlined terms of court and replaced them with terms or court as outlined on the South Carolina Judicial Department's website." *Id.* Respondent does not make a procedural bar argument here.

The undersigned finds that Petitioner's Ground Sixteen lacks merit and is without factual or legal support. As already found, under the federal due process clause, a defendant has the right to notice of the specific charge against him, and deficiencies in state court indictments are generally not a basis for habeas relief unless they made trial so egregiously unfair as to deny due process. *Ashford v. Edwards,* 780 F.2d at 407. Furthermore, the order upon which Petitioner relies does not establish that Petitioner was not indicted by twelve legally qualified grand jurors. Therefore, to the extent Ground Sixteen should be addressed on the merits, the undersigned recommends dismissing it because Petitioner fails to state a claim upon which habeas relief may be granted.

### 17. Ground Seventeen:  No Bond Hearing

Petitioner maintains he was never taken before any judge for a bond hearing. ECF No. 1-1 at 11. Respondent argues that Ground Seventeen is procedurally defaulted and lacks merit. ECF No. 70 at 64-65.

To the extent this issue should be addressed on the merits, the undersigned finds that it is meritless. By pleading guilty, Petitioner waived all non-jurisdictional defects of defenses under state and federal law, including this claim. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged [he may only attack the voluntary and intelligent character of the plea, and] he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the plea"); *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993); *see also State v. Passaro*, 567 S.E.2d 862, 866 (S.C. 2002). Therefore, to the extent Ground Seventeen should be addressed on the merits, the undersigned finds that Petitioner cannot demonstrate that he is in custody in violation of federal law. Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground Seventeen and that this claim be dismissed with prejudice.

### 18. Ground Eighteen:  Ineffective Trial Counsel

Petitioner alleges that he received ineffective assistance of trial counsel because Attorney Manning had no Rule 5 materials from the State at trial. ECF No. 1-1 at 11. Petitioner further alleges that his trial counsel was ineffective for: allowing the judge to amend an indictment; failing to move to quash the indictment; failing to move for a mistrial; failing to object to the trial proceeding; not mentioning to the judge that the courts had no subject matter jurisdiction because Petitioner was not indicted; failing to raise an issue with the judge to instruct the jury on

41

Petitioner's alibi. *Id.* Additionally, Petitioner argues that he never got a preliminary hearing and was never indicted. *Id.*

a.   Rule 5 Discovery

Respondent concedes that Ground 18(a) was "arguably raised to and ruled upon by the PCR Court." On the merits, Respondent argues that Petitioner cannot show that the PCR court made an unreasonable determination of the facts or unreasonably applied federal law in denying relief on this claim. The undersigned agrees.

The PCR court noted Petitioner testified that he did not have a copy of his Rule 5 material prior to pleading guilty and on cross-examination, Petitioner admitted that he and trial counsel discussed potential defenses. App. 616.  The PCR court also noted that trial counsel testified that he went over the Brady material with Petitioner prior to trial. *Id.* Thereafter, the PCR court specifically found that none of Petitioner's allegations of ineffective assistance of counsel entitled him to relief. App. 617. Additionally, the PCR court found that trial counsel "spent adequate time preparing [Petitioner's] case, discussed discovery with [Petitioner], and could not get a preliminary hearing for [him] because it was too late." *Id.* Further, the PCR court found that Petitioner pleaded guilty on his own and without any coercion or undue influence by trial counsel. *Id.* at 617-18. Moreover, the PCR court found that Petitioner was not prejudiced by trial counsel's performance and expressly found that Petitioner "failed to produce any credible evidence that would have affected his decision to plead guilty." *Id.* at 618.

The undersigned finds that the PCR court's factual findings addressing this claim are supported by the record. During his PCR hearing, Petitioner testified that he met with trial counsel about two to three times prior to his trial. App. 225. Additionally, Petitioner testified that he did not have a copy of his Rule 5 material before the guilty plea. App. 225-26. Trial counsel

42

also testified during the PCR hearing and indicated that he was confident that the State had given him everything and he went over all Rule 5 materials with Petitioner. App. 272. The trial transcript also indicates that trial counsel requested the Rule 5 material when he was appointed to the case, and the information was sent directly to Petitioner. App. 24.

The undersigned also finds that the PCR court did not unreasonably apply federal law in denying relief on this claim. First, Petitioner failed to show that counsel was deficient pursuant to *Strickland*. The trial and the PCR transcript both indicate that trial counsel requested the Rule 5 materials. Further, trial counsel specifically testified that he reviewed the Rule 5 materials with Petitioner prior to proceeding to trial. Based on this testimony, the PCR court found that trial counsel spent adequate time preparing Petitioner's case, discussed discovery with Petitioner, and was not deficient under *Strickland*.

Additionally, Petitioner failed to establish he was prejudiced by the alleged deficient performance. Petitioner failed to demonstrate that Rule 5 discovery was not in trial counsel's possession. Moreover, Petitioner did not present any Rule 5 evidence or testimony that would have affected his decision to plead guilty other than his general assessment that he did not have enough time to consider his plea. *See e.g., Bassette v. Thompson*, 915 F.2d 932 (4th Cir. 1990) (allegation that trial counsel did ineffective investigation does not support relief absent proffer of the supposed witness' favorable testimony); *Moorehead v. State*, 496 S.E.2d 415, 417 (S.C. 1998) ("Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result."). Therefore, Petitioner did not prove the second prong of the *Strickland* test either.

The PCR court's rejection of the ineffective assistance of counsel claim for failing to request and review Rule 5 discovery materials with Petitioner did not result in an unreasonable

application of *Strickland* and was not based upon an unreasonable determination of facts in light of the state court record. Accordingly, the undersigned recommends Respondent's Motion for Summary Judgment be granted as to Ground 18 (a).

b.  Indictment

Petitioner alleges that his trial counsel was ineffective for: allowing the judge to amend an indictment; failing to move to quash the indictment; failing to move for a mistrial; failing to object to the trial proceeding; not mentioning to the judge that the court had no subject matter jurisdiction because Petitioner was not indicted; failing to raise an issue with the judge to instruct the jury on Petitioner's alibi. Respondent maintains that though raised in one of Petitioner's PCR filings, this claim was not ruled upon by the PCR court and is barred from habeas review. ECF No. 70 at 67. Alternatively, Petitioner argues that these claims are meritless, and Petitioner cannot show that trial counsel was deficient. *Id.*

To the extent this ineffective assistance of counsel claim should be considered on the merits, the undersigned finds that Petitioner has failed to demonstrate that trial counsel was deficient or that Petitioner was prejudiced by the alleged deficiency. The record demonstrates, as discussed above, that Petitioner voluntarily pleaded guilty. Therefore, trial counsel's agreement to amend the indictments was reasonable at this stage of Petitioner's case. Moreover, trial counsel told the plea court that he was not aware of the alleged indictment issue until after the jury was sworn. App. 125. Therefore, he was not deficient in failing to move to quash the indictments, and Petitioner had already pleaded guilty when they were amended.

In any event, Petitioner has failed to demonstrate any prejudice by trial counsel's alleged deficiency. In other words, Petitioner failed to show that he would not have pleaded guilty but for trial counsel's agreement to amend the indictments or his failure to quash them. As already

discussed, an indictment was not needed to confer subject matter jurisdiction, and Petitioner was on notice of the criminal charges against him. Moreover, there is no indication that trial counsel would have been successful had he moved to quash the indictment because an indictment may be amended if: "(1) it does not change the nature of the offense; (2) the amended charge is a lesser included offense of the original crime charged in the indictment; or (3) the defendant waives presentment to the grand jury and pleads guilty." *State v. Fonseca*, 681 S.E.2d 1, 4 (S.C. Ct. App. 2009). Amending the indictment to change Petitioner's first name would not have changed the nature of the offense, and therefore, it is unlikely counsel would have succeeded in moving to quash the indictment.

Based on Petitioner's failure to demonstrate trial counsel was deficient or that he suffered prejudice as a result of the alleged deficiency pursuant to *Strickland*, the undersigned recommends Respondent's Motion for Summary Judgment be granted as to Ground 18(b).

### c.   Subject Matter Jurisdiction

Respondent argues that ineffective assistance of trial counsel based on counsel's failure to challenge subject matter jurisdiction is procedurally barred from habeas review because it was not raised to or ruled upon by the PCR court. ECF No. 70 at 69. Alternatively, Respondent maintains that this claim has no merit. *Id.*

The undersigned notes that though Petitioner raised "subject matter jurisdiction" and "ineffective assistance of counsel" in his PCR Application, Petitioner did not specifically allege that trial counsel was ineffective on this particular basis.   Therefore, the undersigned recommends denying and dismissing Ground 18(c) because it is procedurally defaulted and barred from federal habeas review. To the extent this ineffective assistance of counsel claim should be considered on the merits, the undersigned finds that Petitioner has failed to

45

demonstrate that trial counsel was deficient or that Petitioner was prejudiced by the alleged deficiency.

The record indicates that trial counsel had no knowledge that Petitioner's legal first name was "Shaheen" rather than "James," and thus had no basis for moving to quash indictments or objecting to the circuit court's jurisdiction until after Petitioner pleaded guilty. App. 125. However, as thoroughly discussed above, by pleading guilty Petitioner waived all viable defenses. Moreover, the South Carolina Supreme Court has held that defective indictments have no effect on whether a court has subject matter jurisdiction over a criminal case. *State v. Gentry*, 610 S.E.2d 494. Therefore, Petitioner has failed to prove he was prejudiced by trial counsel's alleged deficiency.

Petitioner has failed to demonstrate that trial counsel was ineffective in failing to object to the circuit court's subject matter jurisdiction. *See Almon v. U.S.*, 302 F. Supp. 2d 575, 586 (D.S.C. 2004) ("There can be no ineffective assistance of counsel for failing to raise a claim which is not legally viable."). Accordingly, the undersigned recommends Respondent's Motion for Summary Judgment be granted as to Ground 18(c).

### d.  Failing to enforce negotiated plea

The undersigned previously addressed Petitioner's allegation that he received ineffective assistance of trial counsel based on trial counsel's alleged failure to enforce a plea agreement in Ground Three above. The undersigned recommends dismissing Ground 18(d) for reasons articulated in addressing that Ground.

### e.  Preliminary Hearing

Respondent maintains that Petitioner complained that trial counsel was ineffective in failing to obtain a preliminary hearing, App. 229, and that the PCR court ruled on the issue. In

considering this claim on the merits, the undersigned finds this claim is meritless. Here, the PCR court found that trial counsel testified that by the time he got involved in the case, Petitioner had already been indicted. App. 617. Furthermore, the PCR court found that trial counsel's conduct was not deficient or that Petitioner was prejudiced by trial counsel's performance. App. 618.

The undersigned finds that the PCR court did not make an unreasonable determination of the facts or unreasonably apply federal law in denying Petitioner's claim for relief. The record supports the PCR court's factual findings. *See* App. 270-71. Moreover, the PCR court did not unreasonably apply *Strickland* in denying relief upon this claim. Therefore, as Petitioner fails to show that he is entitled to relief under 28 U.S.C. § 2254(d) upon this claim, it should be denied and dismissed with prejudice.

### 19. Ground Nineteen:  Not indicted within 90 days

Petitioner maintains that he was not indicted within 90 days of his arrest. ECF No. 1-1 at 11. The undersigned has previously addressed the indictment issue several times in this R&R including addressing Grounds One and Sixteen.  As previously found, Petitioner fails to show that he is entitled to relief on his claim. Accordingly, the undersigned recommends denying Ground Nineteen and dismissing it with prejudice.

### 20. Ground Twenty:  Breach of Contract

Petitioner alleges that there was a negotiated plea agreement for ten years' imprisonment. ECF No. 1-1 at 12. Here, Plaintiff fails to allege a claim upon which federal habeas relief may be granted. Furthermore, the undersigned already considered a similar argument in addressing Grounds Three, Four, and Eleven above, and found that Petitioner's guilty plea was knowingly and voluntarily made. Therefore, the undersigned recommends dismissing Ground Twenty because Petitioner fails to state a claim upon which habeas relief may be granted.

21. Ground Twenty-One: PCR Application and Motions filed with it

Petitioner argues that his PCR counsel did not go along with a certain strategy. ECF No. 1-1 at 12. This is the same ground that Petitioner raised in Ground Fifteen. The undersigned declines to revisit this issue here, and based on the reasoning articulated in addressing Ground Fifteen, the undersigned recommends dismissing Ground Twenty-One because Petitioner fails to state a claim upon which habeas relief may be granted.

Petitioner raises ten grounds in the Supplement to his Petition. *See* ECF No. 25. The undersigned will address each of the supplemental grounds in turn.

1. Supplemental Ground One: Overlooking of trial court of preliminary hearing rights and mistrial or vacation of indictments and warrants.

Petitioner argued previously that he was denied his right to a preliminary hearing in Ground Twelve. The undersigned recommends dismissing this Ground for reasons articulated in addressing Ground Twelve. To the extent that Petitioner is maintaining that a mistrial should have been granted, this issue is procedurally barred from habeas review because it was never raised to or ruled upon by a South Carolina court. Moreover, upon review of the record before the court, there is no indication that a motion for mistrial was ever made. Therefore, the undersigned recommends dismissing supplemental ground one because Petitioner fails to state a claim upon which habeas relief may be granted.

2. Supplemental Ground Two: Plea Offer Forgotten

The undersigned previously addressed Petitioner's allegation that he and the State had a plea agreement in Grounds Three, Six, Eleven, and Twenty above. The undersigned recommends dismissing Supplemental Ground Two for reasons articulated in addressing those Grounds.

3. Supplemental Ground Three: Erroneous Judgment

48

Without explaining why he should be granted habeas relief for an erroneous judgment, Petitioner alleges that there is an erroneous judgment. The undersigned recommends dismissing this claim because it fails to state a claim upon which habeas relief may be granted and because it is too vague and conclusory. *See e.g., Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (*overruled on other grounds Gray v. Netherland*, 518 U.S. 152, 165-66 (1996)) ("Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.")

### 4. Supplemental Ground Four: Lack of Subject Matter Jurisdiction

Petitioner instructs the court to review warrants, indictments, and sentencing sheets to maintain that the plea court lacked subject matter jurisdiction. ECF No. 25 at 1. As indicated when addressing Claims Three, Four, and 18(c) above, this argument is meritless. Petitioner waived all viable defenses by pleading guilty. Moreover arguing that the South Carolina circuit court lacked jurisdiction over his criminal charges is not a viable habeas corpus ground. *See Wright*, 151 F.3d at 157. Therefore, the undersigned recommends dismissing Supplemental Ground Four for reasons articulated in addressing those Grounds.

### 5. Supplemental Ground Five: 5th Amendment of Constitution: No person shall be held to answer any capital or otherwise infamous crime unless on presentment of a grand jury indictment.

In Ground Three, the undersigned previously addressed Petitioner's allegations that South Carolina state courts lacked subject matter jurisdiction per the Fifth Amendment of the Constitution. The undersigned recommends dismissing Supplemental Ground Five for reasons articulated in addressing that Ground.

### 6. Supplemental Ground Six: Prosecutorial misconduct the prosecutor knew I was never indicted knew this before trial and at trial still didn't ask for mistrial or withdraw invalid charges

The undersigned previously addressed Petitioner's allegations of prosecutorial misconduct in Ground Eleven above. The undersigned recommends dismissing Supplemental Ground Six for reasons articulated in addressing that Ground.

### 7.  Supplemental Ground Seven:  Judicial Misconduct

Petitioner alleges that Judge King abused his authority because he knew Peittioner had never been indicted. ECF No. 25.

By arguing judicial misconduct only, Petitioner has failed to allege a claim by failing to allege that he is in custody based on a constitutional or federal law violation. Therefore, the undersigned recommends dismissing Supplemental Ground Seven with prejudice because Petitioner has failed to allege a ground upon which habeas relief can be granted. 28 U.S.C. § 2254. Alternatively, arguing that the South Carolina circuit court lacks subject matter jurisdiction is a matter of state law that is not cognizable in federal habeas corpus.  *See Wright v. Angelone*, 151 F.3d at 157. Accordingly, the Supplemental Ground Seven should be denied and dismissed with prejudice.

### 8.  Supplemental Ground Eight:  Ineffective Appellate Counsel

Petitioner alleges that his appellate counsel filed a "bogus" appeal and never advised him of his right to file a petition for rehearing. ECF No. 25 at 2. Respondent argues that the PCR court did not err in denying relief on this ground. ECF No. 70 at 84.

To obtain relief a PCR applicant must show that appellate counsel's performance was (1) deficient; and (2) prejudice from the appellate counsel's deficiency. *Southerland v. State*, 524 S.E.2d 833, 836 (S.C. 1999).  In other words, the applicant is required to demonstrate "that his counsel was objectively unreasonable in failing" to identify and present significant and obvious issues on appeal, and there is "a reasonable probability that, but for his counsel's unreasonable

50

failure. . . . , he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citation omitted). It is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim on direct appeal. "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Id.* (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986); *see also Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (en banc).

As already indicated above, appellate counsel filed an Anders' brief on Petitioner's behalf. As the South Carolina Supreme Court articulated in *State v. Lyles*, in reviewing an Anders brief, the appellate court reviews the brief submitted by counsel, any pro se briefs, and examines the record on appeal to determine "whether the appeal contains any issues of arguable merit." 673 S.E.2d 811, 813 (S.C. 2009). Here, Petitioner has failed to demonstrate any prejudice from appellate counsel filing a "bogus" appeal because the reviewing court examined all issues of arguable merit and still dismissed his appeal.

To the extent Petitioner raises an ineffective assistance of counsel claim for appellate counsel's failure to inform Petitioner of his right to file a petition for rehearing, Respondent argues this claim is procedurally barred from habeas review. ECF No. 70 at 86-87. To the extent this claim should be addressed on the merits, the undersigned recommends it be dismissed. As Respondent maintains, criminal defendants to not have a federal constitutional right to counsel to pursue discretionary state appeals. *Ross v. Moffitt*, 417 U.S. 600, 610-11 (1974). Moreover, Petitioner has failed to prove any prejudice from the alleged error. Therefore, the undersigned recommends dismissing Supplemental Ground Eight.

       9.  Supplemental Ground Nine:  See exhibit Senator Ralph Anderson told SCDC Director Jon Ozmint Let me go grant me relief dated 7/9/09.

Petitioner argues that he is entitled to habeas relief based on a letter a state senator wrote to the SCDC Director. However, the undersigned recommends dismissing Supplemental Ground Nine because Petitioner fails to state a claim upon which habeas relief may be granted. 28 U.S.C.A. §2254(a).

> 10. Supplemental Ground Ten:   PCR Court ruling not based on fact and conclusion of law

The undersigned previously addressed Petitioner's allegations of errors with the PCR court in Ground Nine above. The undersigned recommends dismissing Supplemental Ground Ten for reasons articulated in addressing that Ground.

IV.     Petitioner's Motion for Summary Judgment and Motions to Enforce Summary Judgment

On December 1, 2014, Petitioner filed a Motion for Summary Judgment. ECF No. 15. There, Petitioner argued that Respondent did not timely comply with this court's October 7, 2014 serve order. *Id.* Additionally, Petitioner argued that Respondent was in default and demanded relief from his conviction. *Id.* Because the court extended Respondent's deadline to respond, ECF No. 16, these allegations are without merit. On December 31, 2014, Petitioner filed a Motion to Enforce Summary Judgment, ECF No. 37, and filed a Motion for Summary Judgment Enforcement again on February 2, 2015, ECF No. 64. In both motions, Petitioner complains about the granting of extensions to the Respondent and the timeliness of certain filings. ECF Nos. 37, 64.

In his Motions, Petitioner argues that based on Respondent's timing and tardiness in filing certain documents Petitioner should be granted summary judgment. The undersigned finds that Respondent had not failed to timely respond or otherwise plead in this case. However, even if Petitioner's allegations were true, these are not grounds on which to grant summary judgment.

Pursuant to Rule 56(a) summary judgment should be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Here, Petitioner has failed to demonstrate that he is entitled to judgment as matter of law. Therefore, the undersigned recommends denying Petitioner's Motions, ECF Nos. 15, 37, 64.

V.      Other Pending Motions

There are five other pending Motions before the court, and the undersigned will address each in the order in which they were filed.

1. Motion to Grant Relief, ECF No. 69

On February 12, 2015, Petitioner filed a Motion to Grant Relief where he complained about extensions and demanded all bonds and finances be returned back to its rightful owner, Petitioner, who is the "holder in due course." ECF No. 69. Petitioner also argued that Respondent is guilty of tax evasion and demanded post-settlement and closure of a Title 26 account. *Id.* Respondent argued that Petitioner is not entitled to a Default Judgment in this matter or any other relief requested in his Motion. ECF No. 81. The undersigned agrees.

As previously found by this court, Respondent has timely answered or otherwise responded to Petitioner. *See* ECF No. 53. Therefore, to the extent Petitioner is requesting a Default Judgment, the undersigned recommends denying this request. Petitioner's other equitable and monetary demands are not cognizable forms of habeas relief. The purpose of a habeas petition is to enable a prisoner to obtain relief from a state court judgment for violations of the Constitution or other federal laws.  *See e,g., Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) (citing 28 U.S.C.A. § 2254(a)) ("Pursuant to § 2254, a petitioner may obtain relief from a state court judgment 'only on the ground that he is in custody in violation of the Constitution or

laws or treaties of the United States.'"). Therefore, the undersigned recommends denying Petitioner's Motion to Grant Relief, ECF No. 69.

### 2.  Motion for Default Judgment, ECF No. 76

On February 17, 2015, Petitioner filed what is captioned as a Motion for Default Judgment.  ECF No. 76. There, Petitioner sought to reserve his rights under the common law and for "alleged debt to be post settled and zeroed out of title 26 U.S.C. section 163 (h)(3)(B)(ii). . . ." *Id.* Furthermore, Petitioner indicated that the State was given (50) days to respond to the case and maintained that he is entitled to recoupment of "this commercial taxable events." *Id.* In response, Respondent argues that Petitioner is not entitled to summary judgment or default judgment. ECF No. 81.

As already discussed above, the undersigned recommends denying Petitioner's Motion to the extent Petitioner is requesting a Default Judgment because Respondent has timely answered or otherwise responded to Petitioner. *See* ECF No. 53. Furthermore, the other forms of relief Petitioner seeks are not cognizable forms of habeas relief. *Lawrence v. Branker*, 517 F.3d at 717. Therefore, the undersigned recommends denying Petitioner's Motion for Default Judgment, ECF No. 76.

### 3.  Motion to Produce, ECF No. 96

On March 26, 2015, Petitioner filed a Motion to Produce, ECF No. 96, where he asserted "Rule 8(c) fed. Rules. Civ. Proc./Motion to Produce and reason why amend/issues." Petitioner then states "reasons why production should be granted." *Id.* Petitioner argues that production

should happen so that there is an explanation of where money went.[3] *Id.* Respondent argues that Petitioner is not entitled to any discovery at this point in the proceedings. ECF No. 103.

The undersigned finds that Petitioner has failed to establish good cause for the discovery request. "Rule 6(a) of the Rules Governing Section 2254 Cases requires a habeas petitioner to show good cause before he is afforded an opportunity for discovery." *Quesinberry v. Taylor*, 162 F.3d 273, 279 (4th Cir. 1998). "Good cause is shown if the petitioner makes a specific allegation that shows reason to believe that the petitioner may be able to demonstrate that he is entitled to relief." *Id.* (citing *Harris v. Nelson,* 394 U.S. 286, 300 (1969); *Bracy v. Gramley,* 520 U.S. 899 (1997)). The undersigned has already dealt with Petitioner's habeas allegations in the previous sections of this R&R, and Petitioner did not make specific allegations establishing good cause to justify discovery. Therefore, Petitioner's Motion to Produce, ECF No. 96, is denied.

### 4. Motion to Supplement, ECF No. 117

On May 7, 2015, Petitioner filed a Motion to Supplement requesting that the court go through all the records and find Constitutional violations and "argue them for [him]." ECF No. 117. To support his proposition, Petitioner cites the case of *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Respondent did not respond to Petitioner's Motion.

Petitioner's Motion to Supplement and request that the court add constitutional arguments to Petitioner's Petition on his behalf is denied. The Supreme Court did not hold in the *Slack* opinion that the burden is on federal courts to articulate specific allegations on a Petitioner's behalf. Rather, several rules govern whether the courts can rule on certain issues on

---

[3] According to Petitioner all "crimes are commercial and [have] a quasi-monetary fine for violations" that should be reported to the Internal Revenue Service. *Id.*

their merit, and it is Petitioner's burden to establish cause for relief. *See e.g., Strickland*, 466 U.S. at 694. Accordingly, Petitioner's Motion, ECF No. 117, is denied.

## VI.    Conclusion

For the foregoing reasons, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 71, be GRANTED and the habeas Petition be DISMISSED with prejudice. Additionally, the undersigned recommends DENYING Petitioner's Motion for Summary Judgment, ECF No. 15, and Motions to Enforce Summary Judgment, ECF Nos. 37, 64. Finally, the undersigned either denies or recommends DENYING all other pending Motions, ECF Nos. 69, 76, 96, and 117.[4]

IT IS SO RECOMMENDED.

June 8, 2015                                         Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[4] On March 30, 2015, Petitioner filed a Writ of Mandamus, ECF No. 97, where he asked the Fourth Circuit Court of Appeals to demand that the undersigned and Judge Richard M. Gergel produce motions or admit that a motion was not received. Additionally, he demands that the "courts and judges over this grant [him his] motion for Default and Summary Judgement (sic) and relief." *Id.* This Writ of Mandamus is pending before the Fourth Circuit Court of Appeals, Case Number 15-1396, and was opened as an original proceeding. ECF No. 105. Respondent filed a Response in Opposition to Petitioner's Motion on April 16, 2015. ECF No. 107.