IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk ) | No. 5:14-cv-3771-RMG |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Warden J. McFadden, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 119), recommending that Respondent's Motion for Summary Judgment be granted and that various motions by Plaintiff be denied. For the reasons stated below, the Court **ADOPTS** the R & R, **GRANTS** Respondent's Motion for Summary Judgment, and **DENIES** Petitioner's pending motions.

## I. Background

In March of 2007, Petitioner was indicted by a grand jury on one count of Assault and Battery with Intent to Kill and one count of armed robbery. (Dkt. No. 70-3 at 127-128; Dkt. No. 70-1 at 115-16). The indictments erroneously showed Petitioner's name as "James Cabbagestalk" rather than "Shaheen Chabbagestalk." (Dkt. No. 70-3 at 127-128). This mistake was brought to the attention of the trial judge at the time that Petitioner pled guilty, and the indictment was amended. (Dkt. No. 70-1 at 124-133). The case proceeded to trial, and during the trial, Petitioner passed his counsel a note stating that he wanted to plead guilty. (*Id.* at 111). Petitioner pled guilty to the armed robbery charge, and the state dropped the Assault and Battery with Intent to Kill charge. (*Id.* at 115-16, 118). Petitioner stated that he understood that this was

what the state was wiling to do and that he could get from 10-30 years in prison for the armed robbery charge. (*Id.* at 116). The solicitor stated that "the State does not oppose a lower-end sentence," but that "we have not negotiated a specific time, and, of course, I've made sure to make it clear that the court has the final say in any sentence but that the State would not oppose a sentence on the lower end of that spectrum." (*Id.* at 119). Petitioner stated that he understood the negotiations and recommendations from the Solicitor's Office. (*Id.* at 120). The plea court found that a sentence at the low end of the range was not appropriate, in part because Petitioner had not "shown any remorse or offered any explanation or apology to the victim in this case." (*Id.* at 135). The plea court sentenced petitioner to a term of eighteen years. (*Id.*).

Petitioner filed a direct appeal raising a number of issues, including whether the trial judge erred by amending the indictment. (Dkt. Nos. 70-6; 70-9). The South Carolina Court of Appeals dismissed Petitioner's appeal. (Dkt. No. 70-11). On March 9, 2010, Petitioner filed an Application for Post-Conviction Relief (PCR). (Dkt. No. 70-1 at 143). On June 6, 2012, the PCR court denied Petitioner's PCR application in its entirety. (Dkt. No. 70-3 at 114-26). Petitioner filed a petition for writ of certiorari, which was denied on September 11, 2014. (Dkt. No. 70-19). Remittitur was issued on September 29, 2014. (Dkt. No. 70-20).

This habeas Petition followed, raising twenty-one (21) issues initially, and adding ten (10) other grounds by amendment. (Dkt. Nos. 1, 25). The Magistrate Judge recommends granting Respondent's motion for summary judgment, and denying pending motions by Plaintiff. (Dkt. No. 119). Petitioner filed timely objections. (Dkt. No. 125).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). If, however, no specific objection is made to a finding or recommendation, this Court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

### B. Federal Habeas Review

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. Discussion

The Magistrate Judge has ably and painstakingly addressed each of Petitioner's thirty-one grounds for relief in the R & R adopted the by the Court, and the Court will not rehash each one individually here. As an initial matter, Petitioner makes a number of conclusory, blanket objections to the R & R. (*See, e.g.*, Dkt. No. 125 at 1 ("I object to each and every Response in this R & R d[ue] to the fact I'm producing forth facts and all of my issues are leggit [sic] and asked to be upheld.")). To the extent Petitioner fails to point to a specific error in the R & R and simply makes conclusory objections, the Court need not conduct a de novo review. *Smith v. Washington Mut. Bank FA*, 308 F. App'x 707, 708 (4th Cir. 2009) ("The court need not conduct de novo review . . . 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'") (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982)).

Plaintiff's other objections largely repeat verbatim his grounds for relief and do not provide specific objections to the findings in the R & R.[1] For instance, on a number of grounds,

---

[1] Petitioner also objects that the Magistrate Judge should have recused herself. A judge or justice "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). "The standard under § 455(a) is objective reasonableness

the Magistrate Judge found that Petitioner had failed to state a claim for federal habeas relief because Petitioner only alleged violations of state law or because Petitioner had otherwise failed to allege a violation of the United States Constitution or federal law. Petitioner has not objected to these findings, and the Court adopts them. Similarly, Petitioner has not specifically objected to the Magistrate Judge's finding that certain grounds are procedurally defaulted, and the Court adopts those findings.

Many of Petitioner's complaints concern the fact that the name on the state criminal indictment was "James Cabbagestalk." Assuming there was some deficiency in the state court indictment, "[v]ariances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." *Barbe v. McBride*, 477 F. App'x 49, 51 (4th Cir. 2012) (quoting *Ashford v. Edwards*, 780 F.2d 405, 407 (4th Cir. 1985)). The Court agrees with the Magistrate Judge that the indictment at issue made Petitioner aware of the substance and nature of the crime of armed robbery with which he was charged. Furthermore, Petitioner testified during his plea colloquy that he fully understood the nature of the charges against him. (Dkt. No. 70-1 at 115). Therefore, the Court agrees that PCR court did unreasonably apply established federal law or make an unreasonable determination of the facts in its finding that the indictments were only notice documents and that Petitioner knew what crimes were on the indictment.

---

and is not to be construed to require recusal on spurious or loosely based charges of partiality." *McBeth v. Nissan Motor Corp. U.S.A.*, 921 F. Supp. 1473, 1477 (D.S.C. 1996). In his objections and other submissions, Plaintiff has failed to provide any evidence to indicate the Magistrate Judge's impartiality might reasonably be questioned. Thus, Plaintiffs Objections to the R & R suggesting that the Magistrate Judge should have recused herself are without merit.

Petitioner also repeatedly raises the claim that he had negotiated a plea deal for a sentence of ten years. However, during the plea proceeding, Plaintiff acknowledged that he could be sentenced to 10-30 years, acknowledged that the State had agreed to drop the assault and battery charge, and stated he understood the negotiations and recommendations of the Solicitor's Office, immediately after the solicitor explicitly stated that there was no specific time negotiated. Therefore, the Court agrees with the Magistrate Judge that Petitioner's plea was knowing and voluntary.

After review of Petitioner's ineffective assistance of counsel claims, the Court agrees with the Magistrate Judge that the PCR court did not unreasonably apply federal law or make unreasonable fact determinations with regard to these claims. As ably explained in the R & R, Petitioner failed to establish either prong of *Strickland* with regard to trial counsel's request, review and discussion with Petitioner of Rule 5 material; trial counsel's actions, or lack thereof, related to the indictment; and trial counsel's actions related to plea negotiations.

In sum, the Court has carefully reviewed the R & R and the record in this matter and agrees that Respondent is entitled to summary judgment on each of the grounds raised by Petitioner. Therefore, the Court grants Respondent's motion for summary judgment and denies Petitioner's summary judgment motions.

## IV. Other Motions Addressed by the R & R

The Magistrate Judge also either denied or recommended denying four other motions filed by Petitioner. (Dkt. No. 119 at 53-55). Petitioner did not address or object to these findings in his filed objections. (*See* Dkt. No. 125). The Court agrees with the Magistrate Judge's conclusions and adopts this portion of the R & R. In particular, this Court has already held that

Petitioner is not entitled to a default judgment in a habeas action, even if the Respondent failed to respond. (Dkt. No. 67).

### V. Other Pending Motions

Since the Magistrate Judge issued the R & R, Petitioner has filed three additional motions. In the first, Petitioner complains that the Warden "puts ignorant staff" in his unit, that someone named Thomas Cooper has harassed him, that he does not have adequate access to the law library, and that his legal box was taken from him. (Dkt. No. 122). He asks that the Court order the "whole shift" to "stop" "tactics to stop my case." (*Id.* at 2). Whatever troubles Petitioner may have had, it has certainly not prevented him from vigorously prosecuting his case. Petitioner has filed fifteen (15) motions, ten (10) letters, fifteen (15) objections and responses, and one interlocutory appeal in this action. Petitioner has prosecuted this case to its conclusion and the Court has granted Respondent's motion for summary judgment. Therefore, this motion is denied as moot.

Next, Petitioner filed a motion "for thurough [sic] investigations on issues presented." (Dkt. No. 123). In this motion, Petitioner simply raises issues already raised in his objections to the R & R. The Court has considered these arguments in ruling on the R & R, and this motion is denied as moot.

Finally, Petitioner filed a motion "to have state produce forth to this Courts and me: (1) an indictment for armed robbery for me Shaheen Cabaggestalk . . .(2) and present to me the affidavit of probable cause and warrants for armed robbery . . . or sentencing sheet." (Dkt. No. 124). The Court has already addressed Petitioner's complaints about the state indictment.

Copies of this indictment and the criminal judgment are in the record. (Dkt. No. 70-3 at 127-29). Therefore, Petitioner's motion is denied as moot.

## VI. Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R (Dkt. No. 119) as an Order of this Court. Accordingly, the Court **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 71); **DENIES** Petitioner's motion for summary judgment (Dkt. No. 15), motions to enforce summary judgment (Dkt. Nos. 37, 64), and motion for default judgment (Dkt. No. 76); and **DISMISSES** the habeas petition with prejudice.

To the extent that the Magistrate Judge recommended that Petitioner's other motions be denied, rather than denying them herself, this Court **DENIES** Petitioner's motion to grant relief (Dkt. No. 69), motion to produce (Dkt. No. 96), and motion to supplement (Dkt. No. 117). Finally, Petitioner's other pending motions (Dkt. Nos. 122, 123, 124) are **DENIED AS MOOT**.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

July  1 , 2015
Charleston, South Carolina