IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk, | No. 5:14-cv-3771-RMG |
| Petitioner, | **ORDER** |
| vs. | |
| Warden J. McFadden, | |
| Respondent. | |

On July 1, 2015, this court granted Respondent's motion for summary judgment and dismissed the petition with prejudice. (Dkt. No. 128). Nine (9) days later Petitioner filed a document titled "Notice of Issues for Court's [sic] to Decide," attempting to raise four (4) additional grounds for habeas relief. (Dkt. No. 132). The Court construes this document as a Rule 59(e) motion to reconsider and denies the motion.

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal quotations omitted). Rule 59(e) motions may not be used to make arguments that could have been made before the court issued its ruling. *Id*. Nor are Rule 59(e) motions opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001); *see also United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) ("Mere disagreement does not support a Rule 59(e) motion.").

Petitioner claims that he has "newly discovered evidence" for each of his additional grounds for relief. (Dkt. No. 132). However, a court need not consider new evidence in support of a Rule 59(e) motion "where the movant presented no legitimate justification for failing to timely submit the evidence and had advance notice of the summary judgment issues." *Bogart v. Chapell*, 396 F.3d 548, 558 (4th Cir. 2005). Petitioner has provided no reason for failing to timely submit this new "evidence." The evidence Petitioner submits with his motion largely consists of letters to him, dated May 9, 2012, November 27, 2012, and August 2, 2013. (Dkt. No. 132-1). Because Petitioner has provided no reason for his failure to include this evidence earlier, and the motion to reconsider is denied.

The Court also notes that because these issues were not raised before the state court, they would all be procedurally default. Even if Petitioner could show some cause for his failure to raise these issues at the state level and actual prejudice, which he has made no attempt to do, Petitioner waived grounds 1, 2, and 4 by pleading guilty. *See, e.g, Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [Sixth Amendment] standards."). As to "new" ground three, the Court has already addressed Petitioner's claims that Ms. Hudgins was ineffective. (Dkt. No. 119 at 50-51, *adopted by* Dkt. No. 128).

//

//

Therefore, Petitioner's motion to reconsider (Dkt. No. 132) is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

July 13, 2015
Charleston, South Carolina